J-S06044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADELBERTO SULIT | : | |
| | : | |
| Appellant | : | No. 2239 EDA 2021 |

Appeal from the PCRA Order Entered October 25, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002440-2015

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JUNE 3, 2022**

Appellant, Adelberto Sulit, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 25, 2015, the Commonwealth charged Appellant with statutory sexual assault and related offenses, including violations of protection from abuse ("PFA") orders, after a 14-year-old family member accused him of maintaining a sexual relationship with her for nearly eight months.  On March 22, 2017, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600.  The court conducted a Rule 600 hearing and denied the motion the same day.  Appellant

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

proceeded to a jury trial on March 23, 2017. On March 29, 2017, the jury convicted Appellant of unlawful contact with a minor, statutory sexual assault, corruption of minors, indecent assault, and contempt for a violation of a PFA order. On August 23, 2017, the court sentenced Appellant to an aggregate five to ten years of incarceration followed by ten years of probation. This Court affirmed Appellant's judgment of sentence on June 25, 2020, and our Supreme Court denied Appellant's petition for allowance of appeal on December 29, 2020. *See Commonwealth v. Sulit*, 237 A.3d 1083 (Pa.Super. 2020) (unpublished memorandum), *appeal denied*, 243 A.3d 726 (Pa. 2020).

On February 16, 2021, Appellant timely filed the instant PCRA petition *pro se*. The court appointed counsel, who filed an amended petition on March 4, 2021. On September 23, 2021, the court gave notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant did not respond, and the court denied PCRA relief on October 25, 2021. Appellant filed a timely notice of appeal on October 27, 2021. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors, and Appellant filed none.

Appellant raises one issue on appeal:

> Did the PCRA court err in dismissing Appellant's PCRA [p]etition without a hearing because trial and direct appeal counsel were ineffective for failing to properly present and failing to present the appropriate arguments that Appellant's case should have been dismissed pursuant to … Rule 600?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

Appellant argues that both trial and direct appeal counsel were ineffective for failing to appropriately present and argue that his case should have been dismissed under Rule 600. Appellant claims the record shows that the Commonwealth did not act diligently during the 150-day period between October 24, 2016 and March 23, 2017. Specifically, Appellant asserts that the court had granted the Commonwealth's continuance request during this time-frame, based on the assigned Assistant District Attorney being on a jury trial

on another matter.  Appellant insists the Commonwealth was not diligent in requesting a continuance on this basis, and the 150-day period should be attributable to the Commonwealth for purposes of Rule 600.  Appellant concludes counsel were ineffective in failing to successfully litigate Appellant's Rule 600 claim, and this Court must grant appropriate relief.  We disagree.

Regarding claims of the ineffective assistance of counsel:

> Counsel is presumed effective, and an appellant has the burden of proving otherwise.  In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Wiggins*, 248 A.3d 1285, 1288 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 263 A.3d 546 (2021) (citation omitted).

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion.  Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Leaner*, 202 A.3d 749, 765-66 (Pa.Super. 2019), *appeal*

*denied*, 654 Pa. 508, 216 A.3d 226 (2019) (citation omitted).

Rule 600 sets forth the speedy trial requirements and provides, in pertinent part:

**Rule 600.  Prompt Trial**

**(A)   Commencement of Trial; Time for Trial**

\* \* \*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence.  Any other periods of delay shall be excluded from the computation.

\* \* \*

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance.  The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the

- 5 -

computation of the time within which trial must commence in accordance with this rule.

(b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).

Pa.R.Crim.P. 600(A)(2)(a), (C)(1), (3)(a)-(b).

"Rule 600 generally requires the Commonwealth to bring a defendant on bail to trial within 365 days of the date the complaint was filed." **Commonwealth v. Hunt**, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*). A defendant on bail after 365 days, but before trial, may apply to the court for an order dismissing the charges with prejudice. **Id.** at 1240-41.

"Rule 600 requires either the tendering of a plea deal or a case to be called to trial within 365 days from the date on which the criminal complaint was filed." **Wiggins, supra** at 1288 (citing Pa.R.Crim.P. 600(A)(2)(a)). This date, 365 days after the complaint is filed, is known as the "mechanical run date." **Id.** "If the trial court determines that the Commonwealth violated Rule 600, it shall dismiss the charges and discharge the defendant." **Commonwealth v. Harth**, ___ Pa. ___, ___, 252 A.3d 600, 615 (2021) (citation omitted).

In evaluating Rule 600 issues, our Supreme Court has stated:

[T]he Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." [Pa.R.Crim.P.] 600(C)(1). "Any other periods of delay,"

including those caused by the defendant, "shall be excluded from the computation." ***Id.***

***Commonwealth v. Barbour***, 647 Pa. 394, 399, 189 A.3d 944, 947 (2018). In other words, when analyzing whether a Rule 600 violation has occurred, we exclude all periods of delay, except those attributable to the Commonwealth where it has failed to act diligently, from the applicable date to decide whether the defendant has been brought to trial within the Rule 600 time limitations. ***See id.***

> [I]n ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.

***Harth, supra*** at ___, 252 A.3d at 618.

Instantly, the Commonwealth charged Appellant on January 25, 2015; thus, the mechanical run date was January 25, 2016. Appellant's trial did not commence until March 23, 2017, 788 days later. Appellant's trial counsel filed a motion to dismiss under Rule 600 on March 22, 2017. The court heard argument from the parties concerning the various periods of delay and found that the Commonwealth was duly diligent throughout the life of this case. (N.T. Hearing, 3/22/17, at 4-7). Thereafter, it denied the motion to dismiss.

In its opinion, the PCRA court explains that the only period of delay that Appellant attributes to the Commonwealth's lack of diligence is the 150-day

period between October 24, 2016 and March 23, 2017. The PCRA court found that although the Commonwealth requested a continuance on October 24, 2016, it was ready to proceed to trial nine days later, on November 2, 2016. The case was then listed for trial on March 21, 2017, which was the earliest date available in the court's calendar. Appellant then requested additional time to procure an interpreter for trial, resulting in a two-day delay attributable to Appellant. Consequently, the record shows that the Commonwealth was responsible for only nine days of delay during the challenged 150-day period; Appellant was responsible for two days of delay during that period, and the remaining 139 days were attributable to judicial delay. (**See** PCRA Court Opinion, 11/1/21, at 8-9). Therefore, the PCRA court decided there was no merit to Appellant's claim of ineffectiveness based on Rule 600. (**See id.** at 7-9).

Our review of the record supports the PCRA court's conclusion that because there was no merit to Appellant's Rule 600 issue, Appellant has not met his burden of establishing that either trial or appellate counsel were ineffective. **See Harth, supra**; **Wiggins, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2022