J-S21026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY MATTHEW BURGOS | : | |
| | : | |
| Appellant | : | No. 261 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 7, 2022,
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0001599-2020.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 19, 2022**

### Introduction

Jeffrey Matthew Burgos appeals from the judgment of sentence entered following his conviction for possession of controlled substance contraband by an inmate and other offenses.[1]  Burgos challenges the application of Pennsylvania Rule of Criminal Procedure 600 to his case in light of several emergency orders entered in the Court of Common Pleas of Schuylkill County purporting to suspend the Rule's operation.[2]  We hold that the orders

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Burgos' notice of appeal listed both the judgment of sentence and the order denying his motion under Pennsylvania Rule of Criminal Procedure 600.  The appeal properly lies from the judgment of sentence alone.

[2] Rule 600 addresses both the time by which the Commonwealth may bring a defendant to trial and the time a defendant may be held in pretrial incarceration.  This case concerns only the first purpose of Rule 600.

suspended Rule 600 only when they said they would, and they could not do so retroactively once president judges could no longer declare judicial emergencies without approval. Based on an erroneous reading of these orders, the trial court erred in denying Burgos' motion to dismiss without a hearing. Accordingly, we vacate the trial court's order denying Burgos' motion to dismiss, and we remand for a hearing to determine the Commonwealth's diligence in bringing him to trial.

## Background

On June 8, 2020, police charged Burgos with possession of controlled substance contraband by an inmate, possession of a controlled substance, and possession of drug paraphernalia,[3] alleging that on December 8, 2019, he received a balloon of nine bundles of suboxone when he kissed his then-girlfriend during a jail visit. Burgos' preliminary hearing was scheduled for July 9, 2020.

Burgos' attorney moved to continue the preliminary hearing to appoint conflicts counsel; the preliminary hearing was continued to August 13, 2020. The preliminary hearing was again continued, to September 24, 2020, on the Commonwealth's motion. All charges were waived for court.

The trial court held a status conference on March 24, 2021, at which counsel indicated that the case was ready for trial. The trial court entered orders attaching counsel and Burgos for jury selection for three trial terms

---

[3] 18 Pa.C.S.A. § 5123(a.2) and 35 P.S. § 780-113(a)(16) and (a)(32).

beginning June 14, 2021, August 23, 2021, and January 31, 2022. The first two times, Burgos was not transported to the courthouse. The third time, the trial court ordered that Burgos be transported, and he was. Jury selection was held on January 28, 2022, with trial to begin February 1, 2022.

On January 28, 2022, Burgos moved to dismiss all charges with prejudice, alleging a Rule 600 violation. Without holding a hearing, the trial court denied the motion by order dated January 31, 2022, later amended to attach certain administrative orders and a prior opinion interpreting those orders. As described *infra*, the trial court concluded that there was no Rule 600 violation because Rule 600(C) was suspended in Schuylkill County from March 16, 2020, through August 31, 2021.

On February 1, 2022, Burgos was tried, convicted, and sentenced to an aggregate term of 40 months to 10 years of incarceration. The trial court entered an amended sentence order on February 7, 2022, additionally ordering Burgos to pay the costs of prosecution. Burgos timely appealed and complied with Pennsylvania Rule of Appellate Procedure 1925(b).

Burgos raises the following issues on appeal:

(1)     Did the trial court abuse its discretion and/or commit an error of law by holding that suspension of operation of Rule 600(c) remained in effect in the 21st Judicial District through August 31, 2021, despite a May 28, 2020 Supplemental Administrative Order stating suspension of operation of Rule 600 remained in effect "through June 14, 2020" and no further Supplemental Administrative Order was issued until July 2, 2021?

(2) Did the trial court abuse its discretion and/or commit an error of law by denying [Burgos'] pre-trial Rule 600 Motion without an evidentiary hearing?

(3) Did the trial court abuse its discretion and/or commit an error of law by ruling that "no violation of Rule 600 has occurred"?

Burgos' Brief at 4 (reordered for ease of disposition).

### Emergency Rule 600 Suspension

Burgos claims that the trial court improperly concluded that Rule 600 was suspended in Schuylkill County from the beginning of the local judicial emergency on March 16, 2020, until August 31, 2021. Based on an analysis of Rule 600 and of the emergency orders entered in the Supreme Court and in Schuylkill County, we agree that the trial court's conclusion was improper.

We review Rule 600 claims for an abuse of discretion. ***Commonwealth v. Herring***, 271 A.3d 911, 915 (Pa. Super. 2022) (citing ***Commonwealth v. Leaner***, 202 A.3d 749, 765–66 (Pa. Super. 2019)). The scope of our review is the record evidence from the Rule 600 hearing and the trial court's factual findings, construed in a light most favorable to the party who prevailed before the trial court. ***Id.*** (citing ***Commonwealth v. Watson***, 140 A.3d 696, 698 (Pa. Super. 2016)). The text of Rule 600 provides, in relevant part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A)(1)–(2)(a), (C)(1), (D)(1).

Rule 600 generally provides 365 days from the date the complaint is filed to bring a case to trial or otherwise resolve the case by plea. Pa.R.Crim.P. 600(A)(2)(a). The day 365 days after the complaint is filed is called the "mechanical run date." *Commonwealth v. Wiggins*, 248 A.3d 1285, 1288 (Pa. Super. 2021) (citation omitted). Under Rule 600(C), the mechanical run date is adjusted by excluding all time periods other than those "periods of delay at any stage of proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence." *See id.* at 1288–89.

When a defendant moves to dismiss under Rule 600 because he has not been brought to trial before the mechanical run date, the Commonwealth bears the burden to prove by a preponderance of the evidence that it exercised "due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters." ***Id.*** at 1289. If the trial court finds a Rule 600 violation, the remedy is to discharge the defendant and dismiss the charges. ***Commonwealth v. Harth***, 252 A.3d 600, 615 (Pa. 2021).

Beginning in March of 2020, the Supreme Court of Pennsylvania issued emergency orders suspending Rule 600 statewide through June 1, 2020. ***See In re General Statewide Judicial Emergency***, 228 A.3d 1283, 1287 (table) (Pa. Mar. 18, 2020); ***In re General Statewide Judicial Emergency***, 230 A.3d 1015, 1019 (table) (Pa. Apr. 28, 2020). While the statewide judicial emergency ended, the court expressly empowered each judicial district's president judge to enter self-effectuating declarations of judicial emergency, which could "[s]uspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial." ***In re General Statewide Judicial Emergency***, 234 A.3d 408 (table) (Pa. May 27, 2020); ***see*** Pa.R.J.A. 1952(B)(2)(m).

Enabled by the above orders, the then-president judge of the 21st Judicial District, the Court of Common Pleas of Schuylkill County (hereafter Schuylkill County), entered a series of declarations and administrative orders.[4]

---

[4] Many coronavirus-related declarations and orders from each judicial district are available online at https://www.pacourts.us/ujs-coronavirus-information.

On March 17, 2020, Schuylkill County declared a judicial emergency from March 17, 2020 to April 14, 2020, stating: "The operation of Rule of Criminal Procedure 600 shall be suspended in the 21st Judicial District during the period of the local judicial emergency." Declaration, 3/17/20. Schuylkill County entered subsequent orders extending the judicial emergency on April 3, 2020 and April 24, 2020, stating: "The operation of Rule of Criminal Procedure 600 shall be suspended during the period of the judicial emergency in the 21st Judicial District." *E.g.*, Order, 4/3/20 (emphasis deleted). Schuylkill County entered another order on May 5, 2020, extending the judicial emergency through May 31, 2020 and directing: "The operation of Pa.R.Crim.P. 600(C) is suspended through at least June 1, 2020." Order, 5/5/20, at 1, 7.[5]

On May 28, 2020, Schuylkill County entered a supplemental emergency administrative order, providing:

> that the judicial emergency for the courts of the Twenty-First Judicial District is extended until June 15, 2020.
>
> The provisions of this Court's Supplemental Emergency Administrative Order of May 5, 2020, shall remain in full force and effect until June 15, 2020, with the following modifications:
>
> *    *    *
>
> 2) The operation of Pa.R.Crim.P. 600(C) is suspended through June 14, 2020.

Order, 5/28/20.

---

[5] Some orders are in the reproduced record but not the certified record in this case. Others are only online. Regardless, we may take judicial notice of these orders, as their accuracy cannot reasonably be questioned. Pa.R.E. 201(b)(2).

On June 11, 2020, Schuylkill County entered a supplemental emergency administrative order extending the judicial emergency and modifying the court's response:

> AND NOW, this 11th day of June, 2020, while the threat from the COVID-19 virus has diminished, it has not yet subsided to the point that the judicial emergency necessitated by the virus may be deemed to have fully ceased. Therefore, the declaration of emergency is extended in the 21st Judicial District until June 29, 2020, but the Court's response thereto shall be modified as set forth herein.

Order, 6/11/20, at 1. The order provided for social distancing and the use of advanced communication technology (ACT), as well as temperature checks for visitors and drop boxes for court filings. Notably, the order did not mention Rule 600. Under the heading "Criminal Matters," the order included only a provision suspending Rule 119, regarding the use of ACT. *Id.* at 4.

Schuylkill County entered additional orders extending the judicial emergency on June 25, 2020, July 20, 2020, September 2, 2020, and October 5, 2020. The orders provided for the continued use of ACT and declared that other provisions of the June 11, 2020 order would remain in effect. Schuylkill County further ordered that the local judicial emergency was extended on December 30, 2020, February 23, 2021, April 23, 2021, and May 27, 2021. In all, the judicial emergency lasted until July 5, 2021. None of these orders mentioned Rule 600.

On June 21, 2021, the Supreme Court of Pennsylvania ordered that Pennsylvania courts would return to pre-pandemic status effective July 6, 2021. The court further ordered:

> [The Supreme Court of Pennsylvania's] order of May 27, 2020, terminated the statewide judicial emergency effective June 1, 2020, but authorized president judges to declare local judicial emergencies. Effective [June 21, 2021], president judges are no longer authorized to declare local judicial emergencies. Notwithstanding, to the extent declarations of local judicial emergencies are in effect suspending the rule-based right of criminal defendants to a prompt trial, they may remain in effect until August 31, 2021.

Order, 6/21/2021 (per curiam).

Accordingly, on June 25, 2021, Schuylkill County applied for authorization to suspend Rule 119 through August 31, 2021. The application did not mention Rule 600. The Supreme Court granted the application.

In a different criminal case before the president judge of the Schuylkill County Court of Common Pleas, a defendant moved to dismiss under Rule 600, arguing that Schuylkill County's Rule 600 suspension expired on June 14, 2020. The court denied the motion, explaining that although its May 28, 2020, order was "inartfully drafted," the court's clear intention in its prior orders was to suspend Rule 600 for the entire period of the local judicial emergency. ***Commonwealth v. Schaeffer***, No. CP-54-CR-296-2020, opinion (C.P. Schuylkill July 1, 2021). The next day, Schuylkill County entered a final supplemental emergency administrative order providing that the local judicial emergency would cease on July 6, 2021; however, "Pa.R.Crim.P. 600 (C) shall remain suspended until August 31, 2021." Order, 7/2/21.

- 9 -

Here, the question is what dates the operation of Rule 600 was suspended under the Schuylkill County orders. The trial court relied on the **Schaeffer** case and the July 2, 2022, order to conclude that Rule 600 was suspended in Schuylkill County from March 16, 2020, through August 31, 2021. Amended order, 2/1/22, at 1 n.1. The Commonwealth agrees with this assessment, reasoning that the president judge, who had entered the emergency orders at issue, would be in the best position to clarify the meaning of those orders. Commonwealth's Brief at 3.[6] Burgos counters that the May 28, 2020, order suspending operation of Rule 600(C) "through June 14, 2020" meant that the suspension would end on that date. Burgos' Brief at 16.

We have recently considered the effect of another judicial district's emergency declaration purporting to suspend Rule 600. **Commonwealth v. Carl**, 276 A.3d 743 (Pa. Super. 2022). We held that the declaration should be construed "in accordance with the plain meaning of its words." **Id.** at 750.

Here as well, we read the Schuylkill County orders in accordance with the plain meaning of their words. The May 5, 2020, order extending the local judicial emergency through May 31, 2020, declared that the operation of Rule 600(C) was "suspended through at least June 1, 2020." Order, 5/5/20, at 7. The May 28, 2020, order extending the local judicial emergency through June 15, 2020, stated that the provisions of the May 5, 2020, order would remain in force and effect with modifications. Order, 5/28/20. One modification was

_____

[6] The Commonwealth notes that **Schaeffer** was resolved by plea agreement.

- 10 -

to extend the date through which Rule 600 was suspended: "The operation of Pa.R.Crim.P. 600(C) is suspended through June 14, 2020." *Id.* The plain meaning of the words was to continue the suspension of the operation of Rule 600 through June 14, 2020, no sooner and no later.

If the May 28, 2020, order was facially ambiguous, the series of subsequent orders resolved the ambiguity.[7] On June 11, 2020, Schuylkill County extended the local judicial emergency and expressly modified the court's response. That order allowed for ACT and suspended Rule 119. This was followed by eight additional orders extending the judicial emergency and suspending Rule 119, none of which referenced Rule 600. These additional orders further support that the May 28, 2020, order said what it meant.[8] Schuylkill County had authority to select from different means to protect the interests of litigants, staff, and the community during the judicial emergency; after May 28, 2020, it chose to respond with means other than suspending Rule 600.

_____

[7] In one of the few cases interpreting an ambiguous court order, a plurality of our Supreme Court explained that a court should construe the text of its own sentence order according to canons of construction. *Commonwealth v. Borrin*, 80 A.3d 1219, 1226–27 (Pa. 2013) (opinion announcing the judgment of the court). The trial court's after-the-fact comments about its subjective intent were thus irrelevant. *Id.* at 1227. Justice Saylor would instead invoke the rule of lenity. *Id.* at 1235 (Saylor, J., concurring). Here, either method would support Burgos' interpretation of the May 28, 2020, order.

[8] Even if the May 28, 2020, order had suspended Rule 600 "through at least June 14, 2020," as the *Schaeffer* opinion said was the intended text, the June 11, 2020 order expressly modifying Schuylkill County's response to the emergency would not have extended the Rule 600 suspension any further.

It was not until July 2, 2021 that Schuylkill County, after addressing the arguments in the **Schaeffer** case, retroactively declared that Rule 600 was suspended after June 14, 2020. However, this was two weeks after the Supreme Court of Pennsylvania's order of June 21, 2021, that ended its authorization allowing president judges to extend local judicial emergency declarations without approval.[9] On June 25, 2021, Schuylkill County applied to suspend Rule 119 through August 31, 2021, without mention of Rule 600.

Schuylkill County's July 2, 2021, order, that Rule 600 would "remain suspended until August 31, 2021," was of no effect. Because Rule 600 had not been suspended in the county after June 14, 2020, and because president judges could no longer suspend Rule 600 without authorization after June 21, 2021, this order could not suspend Rule 600. Therefore, the trial court erred in concluding that Rule 600 was suspended in Schuylkill County through August 31, 2021.

### Rule 600 Hearing

Burgos claims that the trial court erred in failing to hold a hearing on his Rule 600 motion. Burgos' Brief at 13. The Commonwealth agrees that this violated the plain language of the Rule. Commonwealth's Brief at 4.

---

[9] Notably, the June 21, 2021 order of the Supreme Court of Pennsylvania provided that then-current orders purportedly suspending Rule 600 could remain in effect until August 31, 2021. The order did not, however, allow for new orders extending a Rule 600 suspension to that date without the High Court's approval.

The Rule provides that "[t]he judge shall conduct a hearing on the motion." Pa.R.Crim.P. 600(D). The purpose of a Rule 600 hearing is for the parties to present factual allegations about whether the defendant was denied his right to a speedy trial and, if so, why. **_Commonwealth v. McGeth_**, 622 A.2d 940, 945 (Pa. Super. 1993). However, if the docket entries demonstrate that the defendant was brought to trial before the adjusted run date, then failing to hold a hearing is harmless error. **_Id._**

Here, police filed a criminal complaint against Burgos on June 8, 2020. Rule 600 was suspended in Schuylkill County through June 14, 2020. Burgos moved to continue his preliminary hearing from July 9, 2020, to August 13, 2020. His case was called to trial on February 1, 2022. The docket entries alone do not show that Burgos was brought to trial before his adjusted run date. Thus, the trial court's error in failing to hold a hearing was not harmless.

**Rule 600 Violation**

Finally, Burgos claims the trial court erred in concluding that there was no Rule 600 violation in his case. Burgos' Brief at 18. To the extent that the trial court relied on a local Rule 600 suspension from the date the complaint was filed until August 31, 2021, this was error as detailed **_supra_**.

However, because the trial court did not hold a Rule 600 hearing in this case, the Commonwealth did not have the opportunity to prove that it exercised due diligence. Our Supreme Court has warned against remanding to give the Commonwealth a second chance to prove due diligence. **_Harth_**,

- 13 -

252 A.3d at 619–20. Here, the Commonwealth has not had a first chance to prove diligence, nor has Burgos had an opportunity to present any evidence on the Rule 600 issue. Therefore, we will remand for a Rule 600 hearing, as it is proper for the trial court to determine in the first instance whether the Commonwealth exercised due diligence. ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010).[10]

## Conclusion

The trial court erred in concluding that Rule 600 was suspended in Schuylkill County after June 14, 2020. The plain text of Schuylkill County's order of May 28, 2020, suspended Rule 600 through June 14, 2020. Subsequent Schuylkill County orders extending the local judicial emergency did not further suspend Rule 600. When Schuylkill County entered an order on July 2, 2021, purporting to continue the suspension of Rule 600 through August 31, 2021, it could not do so because (1) Rule 600 was not suspended when it entered the order and (2) it did not request or receive approval from the Pennsylvania Supreme Court to suspend Rule 600. Therefore, the local Rule 600 suspension in Schuylkill County ended after June 14, 2020.

The trial court also erred in failing to hold a Rule 600 hearing based on Burgos' motion alleging a facial violation of Rule 600. Because the docket

---

[10] The Commonwealth suggests that on remand, we should vacate Burgos' judgment of sentence, leaving his conviction intact. Commonwealth's Brief at 4. Our Rules do not provide for this disposition. Instead, we will direct the trial court to hold a hearing and enter an appropriate order as detailed ***infra***.

entries do not clearly show that Burgos was brought to trial before his adjusted run date, the error is not harmless. The Commonwealth did not have the opportunity to meet its burden in opposing Burgos' Rule 600 motion. Therefore, we will vacate the order denying Burgos' motion to dismiss and remand for a Rule 600(D) hearing. If the trial court determines after the Rule 600 hearing that the Commonwealth did not meet its burden to show due diligence, then it should vacate the sentence and conviction, dismiss the charges, and discharge Burgos with respect to this offense. If the trial court determines that the Commonwealth did exercise due diligence, then it should deny Burgos' motion to dismiss; Burgos' judgment of sentence would remain extant, and Burgos would be able to appeal the Rule 600 determination.

Order denying motion to dismiss vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2022