J-S52005-20

2021 PA Super 57

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW WIGGINS | : | |
| | : | |
| Appellant | : | No. 672 EDA 2020 |

Appeal from the PCRA Order Entered January 21, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001188-2018

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, P.J.: Filed: April 1, 2021

Matthew Wiggins appeals from the order entered in the Court of Common Pleas of Montgomery County that dismissed his first and timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Wiggins asserts his plea counsel was ineffective for failing to file a Rule 600 motion on his behalf, given that over 365 days had elapsed between the Commonwealth's filing of a criminal complaint against him and his acceptance of a guilty plea. *See* Pa.R.Crim.P. 600. We affirm.

By way of background, the Commonwealth filed a criminal complaint against Wiggins on January 11, 2018. Although Wiggins's case had been placed on several trial lists throughout the year, Wiggins eventually entered into a negotiated guilty plea to one count of stalking on January 28, 2019.

_____

[*] Former Justice specially assigned to the Superior Court.

*See* 18 Pa.C.S.A. § 2709.1(a)(1). The court then sentenced Wiggins to a sentence of time served (seven days) to seven years of incarceration. Wiggins did not file a post-sentence motion or direct appeal.

Several months later, Wiggins filed a pro se PCRA petition, which was thereafter amended to include an allegation that plea counsel was ineffective for failing to file a Rule 600 motion. Ultimately, the PCRA court dismissed Wiggins's petition without a hearing.

In this appeal, Wiggins raises one issue for our review:

> Did the PCRA court err in denying his petition without a hearing because his guilty plea hearing was more than 365 days after the Commonwealth's filing of a criminal complaint, counsel was ineffective for failing to file a Rule 600 motion, and the Commonwealth did not demonstrate that it was duly diligent in bringing his case to trial?

*See* Appellant's Brief, at 3.

Implicitly, Wiggins contends that the PCRA court erred by failing to hold an evidentiary hearing to both establish the factual basis for his Rule 600 claim and simultaneously demonstrate his counsel's ineffectiveness. *See id*., at 6. Wiggins asserts that his counsel's refusal to file a Rule 600 motion effectively forced him into taking a plea. However, the PCRA court found the Commonwealth did not violate Wiggins's Rule 600 rights. As a result, the court concluded that Wiggins was not entitled to an evidentiary hearing because there were no genuine issues of material fact. *See* PCRA Court Opinion, 6/2/20, at 2, 5.

We review a PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal citations and quotation marks omitted).

As Wiggins's Rule 600 claim is inherently an allegation of ineffective assistance of counsel, we are cognizant that:

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted). As to the last prong specifically, if the petitioner establishes that counsel failed to pursue a meritorious Rule 600 claim, prejudice is established because success on the claim would have

entitled the petitioner to full discharge. ***See Commonwealth v. Maddrey***, 205 A.3d 323, 327-28 (Pa. Super. 2019).

In 2012, the Pennsylvania Legislature enacted a new Rule 600, effective as of July 1, 2013. The general dictates of the new Rule 600 remained the same as they were prior to its adoption: Rule 600 requires either the tendering of a plea deal or a case to be called to trial within 365 days from the date on which the criminal complaint was filed. ***See*** Pa.R.Crim.P. 600(A)(2)(a). Specifically, the point in time 365 days after the complaint is filed is known as the "mechanical run date." ***Commonwealth v. McNear***, 852 A.2d 401 (Pa. Super. 2004). If the defendant is not brought to trial within the time required by the rule, he or she may, at any time before trial, file a written motion seeking dismissal of all charges with prejudice. ***See*** Pa.R.Crim.P. 600(D)(1).

Under the old Rule 600, the mechanical run date could be exceeded through calculation of an adjusted run date by an accounting of two mutually exclusive categories: "excludable time" and "excusable delay." ***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013). Our case law emphasized that "[e]xcludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Id***. (citation omitted). Dismissal of charges was then warranted if, after subtracting all excludable and excusable time, the defendant had not been brought to trial within the term of the adjusted run date. ***See id***.

The new Rule 600 eliminated the distinction between these two buckets of removable calculable time. Under its new verbiage, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence" forms the basis of what is known as "includable time." ***See*** Pa.R.Crim.P. 600(C)(1). Conversely, all other periods of delay are excluded from the Rule 600 calculation. ***See id***.

Inherently, then, when a court is faced with a Rule 600 motion asserting a facial violation of the new Rule 600, the onus is on the Commonwealth to demonstrate that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters. The Commonwealth must show due diligence by a preponderance of the evidence. ***See Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Commonwealth v. Moore***, 214 A.3d 244, 249 (Pa. Super. 2019) (citation omitted).

Our Supreme Court in ***Commonwealth v. Mills*** clarified that time attributable to the natural progression of a case through the court system (e.g., the time between the preliminary hearing and the formal arraignment or pre-trial conference) is not considered "delay" and therefore is not excludable for the purposes of Rule 600. ***See*** 162 A.3d 323, 325 (Pa. 2017). However, if the court, itself, engaged in what is referred to in ***Mills*** as "judicial

delay," such action, in most circumstances, could be excluded from the Rule 600 calculation. ***See id.*** (distinguishing between ordinary trial preparation and judicial delay as, for example, a result of scheduling concerns). Accordingly, when determining the existence and import of delay for computational purposes, trial courts must exercise discretion to ascertain whether the period of time at issue is a delay attributable to the parties, the natural progression of the case, or the court's own calendar when the parties are prepared to proceed. ***See id***. (stating that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable").

A timely Rule 600 motion requires the Commonwealth to establish that it exercised due diligence in bringing a defendant to trial. ***See Commonwealth v. Colon***, 87 A.3d 352, 359 (Pa. Super. 2014) (noting that the "failure of the Commonwealth to commence trial within 365 days from the filing of the complaint constitutes a technical Rule 600 violation[, and] the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence").

Here, however, Wiggins attempts to demonstrate that trial counsel was ineffective for failing to pursue a Rule 600 claim on collateral review. Therefore, in this context, Wiggins bears both the burden of demonstrating that there was arguable merit to the proposed motion and that he was prejudiced by the failure of trial counsel to pursue it. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a

concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.").

Even reading Wiggins's brief generously, containing only three pages of argument, we are unable to locate the precise reasons he believes the PCRA court erred in dismissing his Rule 600 claim. Instead, the gravamen of his contention is that the PCRA court erred by denying him a hearing that would have allowed him to develop a factual basis for his claim. **See** Appellant's Brief, at 7. We have repeatedly emphasized that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, 30 A.3d 426, 452 (Pa. 2011).

The PCRA court provided an overview of the law applicable to Rule 600 and found that there were 195 excludable days between the filing of the criminal complaint and the date when Wiggins pleaded guilty. **See** PCRA Court Opinion, 6/2/20, at 5. Although the PCRA court's analysis and disposition adopts the Commonwealth's position without detailed elaboration, **see id**., Wiggins has not directly refuted the PCRA court's conclusion as to his Rule 600 claim, other than by resorting to unsubstantiated speculation and a series of

"ifs." **See, e.g**., Appellant's Brief, at 9 ("It is only if the judicial docket precluded the case being called prior to the expiration of the mechanical run date … can the period of time … be excludable.").

Wiggins's contention primarily centers on the fact that there is no evidentiary record to assess the arguable merit of his Rule 600 claim. He contends that his "case was placed on the trial list 5 times before [he] was forced to plead guilty." **Id**. However, Wiggins does not tie this purported fact into any kind of Rule 600 discussion or how that fact alone materially controverts the PCRA court's ultimate Rule 600 determination. In an attempt to augment his position that he was repeatedly placed on different trial lists, Wiggins merely states that there is no evidence that: (1) the case was placed on the earliest possible trial court date; or (2) the Commonwealth requested for him to have an earlier trial court date. **See id**., at 8-9. Wiggins then concludes by maintaining that "if it cannot be established that the time from [his first trial listing date] is excludable[,] the Rule 600 [claim] has arguable merit." **Id**., at 9.

Simply put, Wiggins's argument improperly shifts the burdens of production and proof under the PCRA. In order to justify a hearing on his claims, Wiggins must assert facts that create a material dispute. Here, Wiggins has not explicitly identified the "legitimate material factual disputes" he alleges would warrant a hearing nor has he even once cited to anything in the record. **See Commonwealth v. Watkins**, 108 A.3d 692, 735 (Pa. 2014).

Specifically, he has not alleged that the Commonwealth either failed to alert the court of Rule 600 implications when the case was continued or otherwise failed to exercise due diligence. Instead, he merely asserts that there "is no evidence that the Commonwealth could not request that the case be brought to trial prior to the expiration of Rule 600." Appellant's Brief, at 9.

Wiggins bore the burden of alleging that the Commonwealth failed to exercise due diligence. Opining, without evidence, that it is possible that the Commonwealth failed to do so does not satisfy this burden. In the absence of an allegation of fact capable of supporting a finding that the Commonwealth failed to exercise due diligence, there was no material dispute of fact that required a hearing.

Accordingly, we cannot conclude that the PCRA court's denial of Wiggins's petition without an evidentiary hearing was an abuse of discretion. As such, Wiggins is not entitled to relief, and we affirm the PCRA court's dismissal of his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:4/1/21