J-S01028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WESLEY C. MCNEIL-ZUCK | : | |
| | : | |
| Appellant | : | No. 675 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 25, 2022,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0000856-2021.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED:  March 10, 2023**

Wesley McNeil-Zuck appeals from the judgment of sentence entered following his conviction for two counts of driving under the influence (DUI). He challenges the trial court's denial of his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600.  We affirm.

On March 8, 2021, Pennsylvania State Police Trooper, James Szobota, filed a criminal complaint charging McNeil-Zuck with three counts of DUI and one count of careless driving.[1]  On March 31, 2021, McNeil-Zuck waived his preliminary hearing, the charge of careless driving was dismissed, and the case proceeded to court.  According to the Commonwealth, on July 2, 2021, McNeil-Zuck requested a date certain for a non-jury trial.  On July 20, 2021,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(2), (d)(1)(ii), and (d)(1)(iii) and 3714(a).

the trial court scheduled McNeil-Zuck's case for a non-jury trial on November 15, 2021.

On October 13, 2021, the Commonwealth moved to continue the non-jury trial based on the unavailability of its forensic scientist. Accordingly, the trial court rescheduled the non-jury trial for January 28, 2022. On January 26, 2022, the Commonwealth again moved to continue the non-jury trial for the same reason. The trial court rescheduled the non-jury trial for April 25, 2022. The Commonwealth informed the trial court that its forensic scientist would be unavailable on the scheduled trial date. On February 11, 2022, the trial court moved up the date for the non-jury trial to March 25, 2022.

On March 10, 2022, however, McNeil-Zuck moved to dismiss the charges against him with prejudice under Rule 600. In his motion, he stated that the Commonwealth did not exercise due diligence because it failed to list the Rule 600 date in either of its motions to continue.

The trial court ordered the Commonwealth to reply to McNeil-Zuck's Rule 600 motion. The Commonwealth replied one day late, asserting that the time from July 2, 2021 to November 15, 2021 should run against McNeil-Zuck and that the Commonwealth was diligent in its efforts to secure its scientist for trial.

Prior to the non-jury trial on March 25, 2022, the trial court heard argument on McNeil-Zuck's Rule 600 motion. It explained its reasons for denying the motion on the record:

All right. Well, after reviewing the pleadings and the docket, the Court finds that [McNeil-Zuck] was not in jail during this time period. The trial is starting a few weeks past the 365-day rule, and I do note the non-jury trial was set a few times. However, the . . . key witness for the Commonwealth was not available, so that did require it shifting around, and the court schedule in addition has been extremely crowded due to the backlog of cases from the COVID problem, so we were not able to fit it in earlier like we would have liked to [do]. So I find that any delay, therefore, is beyond the control of the Commonwealth, both because of the unavailability of the witness and because of the court schedule, and I find no further lack of due diligence by the Commonwealth, so the motion is denied.

N.T., 3/25/22, at 5–6. The trial court entered a written order reflecting the same. It denied McNeil-Zuck's motion for an interlocutory appeal. The court proceeded with the non-jury trial and found McNeil-Zuck not guilty of one count of DUI and guilty of two other counts of DUI.

On May 25, 2022, the trial sentenced McNeil-Zuck to probation with restrictive conditions. McNeil-Zuck timely appealed. McNeil-Zuck and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

McNeil-Zuck presents one question for our review: "Whether the trial court committed an abuse of discretion and/or error of law when it failed to grant [McNeil-Zuck's] motion to dismiss pursuant to Rule 600?" McNeil-Zuck's Brief at 3.

We review a trial court's Rule 600 ruling for an abuse of discretion. ***Commonwealth v. Carl***, 276 A.3d 743, 748 (Pa. Super. 2022) (citing ***Commonwealth v. Bethea***, 185 A.3d 364, 370 (Pa. Super. 2018)). Our scope of review is the evidence of record at the Rule 600 hearing and the trial court's findings, viewed in a light most favorable to the prevailing party. ***Id.***

We observe that both McNeil-Zuck and the Commonwealth quote the former version of Rule 600 and related case law distinguishing between "excludable time" and "excusable delay." Since Rule 600 was replaced in 2013, it no longer involves such a distinction. ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021). Currently, Rule 600 provides in part:

(A) **Commencement of Trial; Time for Trial**

\* \* \*

(2) Trial shall commence within the following time periods.

> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) **Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

(D) **Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A)(2)(a), (C)(1), (D)(1).

Our Supreme Court has instructed that before a period of delay may be excluded from the computation under Rule 600(C)(1), the trial court must first determine whether the Commonwealth exercised due diligence throughout the proceedings. **Commonwealth v. Harth**, 252 A.3d 600, 618 (Pa. 2021). The Commonwealth bears the burden of proving due diligence by a preponderance of the evidence. **Carl**, 276 A.3d 743, 748 (Pa. Super. 2022) (citing **Commonwealth v. Kearse**, 890 A.2d 388, 393 (Pa. Super. 2005)).

Here, the trial court found that the delay in bringing McNeil-Zuck to trial was caused by a court case backlog and the unavailability of a Commonwealth witness. N.T., 3/25/22, at 5–6. Despite its determination that these factors were outside the control of the Commonwealth, the trial court had to grant McNeil-Zuck's motion to dismiss unless the Commonwealth proved that it exercised due diligence throughout the life of the case. **Harth**, 252 A.3d at 618. Because the trial court found that the Commonwealth had exercised due diligence, it denied McNeil-Zuck's motion.

We discern no abuse of discretion in the trial court's findings. The record supports the conclusion that the Commonwealth exercised due diligence despite the repeated unavailability of its witness. **See Commonwealth v. Peterson**, 19 A.3d 1131, 1138 (Pa. Super. 2011) (*en banc*) (collecting cases supporting due diligence despite the unavailability of a Commonwealth witness). We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  3/10/2023