J-A01025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
Appellant  :
:
:
:
v.  :
:
:
:
CORNELIUS DAVIS  :  No. 2556 EDA 2022

Appeal from the Order Entered September 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009240-2021

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:               **FILED FEBRUARY 12, 2024**

The Commonwealth appeals from the September 28, 2022 order granting the motion to dismiss of Appellee, Cornelius Davis, pursuant to Pa.R.Crim.P. 600. On appeal, the Commonwealth argues it exercised due diligence for certain periods of delay and argues that 365 days of delay is not attributable to the Commonwealth. We affirm.

On June 12, 2019, police were contacted by Richard Nolden regarding a duffle bag and firearm missing from his vehicle. After investigation, police charged Appellee, Cornelius Davis, with person not to possess a firearm, theft

_____

[*] Retired Senior Judge assigned to the Superior Court.

by unlawful taking, receiving stolen property, firearms not to be carried without a license, and carrying a firearm in public in Philadelphia.[1]

The Commonwealth filed the criminal complaint on July 27, 2019. The court scheduled the preliminary hearing for August 14, 2019. After multiple continuances, the court dismissed the charges on October 11, 2019, due to lack of evidence. The Commonwealth re-filed the charges on October 28, 2019. The court scheduled the preliminary hearing for December 4, 2019. The Commonwealth requested a continuance, and the court rescheduled the preliminary hearing for January 27, 2020. The Appellee was in state custody at this time and was not transferred for the hearing on January 27, 2020. As such, the hearing was continued to March 31, 2020. The COVID-19 pandemic struck before that date. The court then attempted to hold the hearing on April 28, 2020, and May 11, 2020, but could not due to the court's pandemic-related closures.[2]

Additionally, preliminary hearings scheduled on October 22, 2020, November 12, 2020, January 7, 2021, February 16, 2021, April 14, 2021, June 3, 2021, July 22, 2021, September 23, 2021, and October 28, 2021, were

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 3921(a), 3925(a), 6106(a)(1), and 6108, respectively.

[2] On March 16, 2020, the Pennsylvania Supreme Court authorized the President Judges to declare judicial emergencies within their judicial districts. Within those orders, the President Judges were authorized to suspend the operation of Pa.R.Crim.P. 600 within their districts. **In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. 2020).

continued because the Appellee was in state custody and was not transferred for the hearings. Finally, on November 8, 2021, the preliminary hearing was held and all charges were bound over for disposition at the Court of Common Pleas.

On November 22, 2021, Appellee was arraigned. At a scheduling conference on December 14, 2021, the Appellee requested a continuance to March 15, 2022, as discovery was not complete. On March 15, 2022, Appellee requested a non-jury trial. Trial was scheduled for July 29, 2022. The trial court was not available on that date, and trial was continued to August 5, 2022. The trial court was again not available, and trial was continued to August 31, 2022. On August 31, 2022, Appellee requested a continuance, and trial was scheduled for September 28, 2022. On September 27, 2022, Appellee filed a motion to dismiss pursuant to Rule 600.

On September 28, 2022, the court held an evidentiary hearing on the motion to dismiss instead of trial. At the hearing, the Commonwealth argued four date ranges should be excluded from the Rule 600 calculation: December 4, 2019 through January 27, 2020; January 27, 2020 through March 18, 2020; July 29, 2022 through August 5, 2022; and August 5, 2022 through August 31, 2022. *See* N.T. 9/28/22 at 6, 7, 9, 12. At the conclusion of the hearing,

the trial court granted Appellee's motion and dismissed all charges. The Commonwealth filed a timely appeal.[3]

The Commonwealth raises one issue for our review: "Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of includable time passed between the re-filing of the criminal complaint and the dismissal of the charges?" Appellant's Brief at 7.

Our standard of review regarding the trial court's decision on a Rule 600 speedy trial motion is whether the trial court abused its discretion. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

***Id.*** (citation omitted). Our "scope of review is limited to the evidence [of] record [at] the Rule [600] evidentiary hearing, and the [trial court's] findings." ***Id.*** (citation omitted). "[We] view the facts in the light most favorable to the prevailing party". ***Id.*** (citation omitted).

Pennsylvania Rule of Criminal Procedure 600 states that "[t]rial in a court case in which a written complaint is filed against the defendant shall

---

[3] On October 25, 2022, the trial court ordered the Commonwealth to file a 1925(b) Statement of Errors Complained of on Appeal. The Commonwealth complied and filed its Statement on November 1, 2022.

- 4 -

commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). That determines the mechanical run date. After determining the mechanical run date, we ascertain the adjusted run date pursuant to Rule 600 (C): "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

After a motion to dismiss for violation of Rule 600 is filed, "the onus is on the Commonwealth to demonstrate that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters." ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021). It is the Commonwealth's burden to show due diligence by a preponderance of the evidence. ***See id.*** Due diligence and trial court unavailability are not individual reasons for a trial to be delayed, but must be considered in tandem:

> in ruling on a defendant's rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.

***Commonwealth v. Harth***, 252 A.3d 600, 618 (Pa. 2021). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect

vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted).

Here, the mechanical run date – 365 days from the date of the filing of the complaint – was October 27, 2020.[4] Next, we determine the adjusted run date. Preliminarily, both Appellant and Appellee agree that the President Judge of the Philadelphia County Court of Common Pleas extended the judicial emergency due to the COVID-19 pandemic and suspended Rule 600, including between March 17, 2020 and October 1, 2021. ***See*** Appellant's Brief at 11; Appellee's Brief at 17. As such, 563 days are excludable from the Rule 600 calculation.[5] The adjusted run date is May 13, 2022.

_____

[4] The initial complaint against Appellee was dismissed on October 11, 2019, but the charges were re-filed in a new complaint on October 28, 2019. When an initial complaint is properly dismissed by a competent magisterial or other judicial authority and there is no evidence of a prosecutorial attempt to circumvent Rule 600, the Rule 600 time starts anew with the filing of the subsequent complaint. ***See Commonwealth v. Simms***, 500 A.2d 801, 803 (Pa. 1985). As it is not argued that the Commonwealth has attempted to circumvent Rule 600, we will start our Rule 600 clock with the re-filed complaint on October 28, 2019.

[5] The President Judge of the First Judicial District of Pennsylvania issued an order on March 17, 2020 that suspended Rule 600: "the operation of Rule of Criminal Procedure 600 shall be suspended in the First Judicial District during the period of the local emergency." ***In re: Declaration of Judicial Emergency***, No. 9 of 2020, (C.P. Philadelphia filed March 17, 2020). As the order unambiguously suspended Rule 600 without qualification, the period of suspension is added to the run date without evaluating whether the Commonwealth acted with due diligence. ***See Commonwealth v. Lear***, 290 A.3d 709, 719 (Pa. Super. 2023), *appeal granted in part*, 2023 WL 6416182
*(Footnote Continued Next Page)*

The Commonwealth argues it acted with due diligence and believes that there are six dates where the time should not be included. **See** Appellant's Brief at 17-18, 20. However, it only argued four excludable time-periods at the evidentiary hearing. **See** N.T. 9/28/22 at 6, 7, 9, 12. Therefore, the two date ranges raised for the first time on appeal, September 23, 2021 through October 28, 2021 and October 28, 2021 through November 8, 2021, are waived and will not be addressed.[6]

At the evidentiary hearing, the Commonwealth argued that the complainant failed to appear at the hearing on December 4, 2019, which necessitated a continuance. **See id.** at 9. They allege that since they exercised due diligence on December 4, 2019, the time from then through January 27, 2020, *i.e.* the continued hearing date, should not be included. **See id.** at 9-10. In support, the Commonwealth attempted to enter evidence of another Assistant District Attorney's (ADA) hearsay communications with the

---

(Pa. filed Oct. 3, 2023). All parties on this appeal concede that March 17, 2020 through October 1, 2021 is excludable from the Rule 600 computation due to the COVID-19 judicial emergency.

[6] Pa.R.A.P. 302(a) provides "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." **See also Commonwealth v. Johnson**, 852 A.2d 315, 317 (Pa. Super. 2004) (refusing to consider the Commonwealth's argument on appeal that the Rule 600 deadline had not passed, as it was inconsistent with the position that the Commonwealth had taken at the evidentiary hearing).

complainant. *See id.* Appellee objected and the trial court sustained the objection. *See id.* at 10. This ruling has not been challenged on appeal.

The Commonwealth also argued that they sent a subpoena to the complainant and that subpoena failure is beyond the Commonwealth's control. *See id.* at 10-11. The Commonwealth cited to *Commonwealth v. Lynch,* 57 A.3d 120 (Pa. Super. 2012), to supports its position. In *Lynch*, the Commonwealth presented testimony of the witness who failed to appear after a subpoena was sent for a prior trial date. *See Lynch*, 57 A.3d at 124. The witness explained that she had not received the subpoena for trial, although she had previously received subpoenas at the same address for prior hearings and it was still a good address to reach her. *See id.* This Court held that "the Commonwealth exercised due diligence in subpoenaing [the witness] as it had on previous occasions, and her absence was beyond the Commonwealth's control." *Id.*

The Commonwealth's reliance on *Lynch* is misplaced. In this case, the Commonwealth did not present any evidence of what address the subpoena was sent to, how it knew this address was a valid address for the complainant, or why the complainant did not appear.[7] It is the Commonwealth's burden to

---

[7] The Commonwealth did state at the evidentiary hearing that the subpoena was sent to the same address as a prior subpoena which was signed and returned to their office. *See* N.T. 9/28/22 at 11. No witness was presented to substantiate that statement and "unsworn representations of counsel are not evidence." *Johnson*, 852 at 318.

show it put forth a reasonable effort to bring the case to trial. As the Commonwealth did not present any evidence of its due diligence on December 4, 2019, the time between then and January 27, 2020 is included in the Rule 600 calculation.

Next, the Commonwealth argued it acted with due diligence on January 27, 2020, as a writ was requested and prepared, but the Appellee was transferred to another state institution before the hearing. *See* N.T. 9/28/22 at 12-13. The Commonwealth relied on the docket sheet entered into evidence to show a writ was prepared. The docket note on December 4, 2019 states, in relevant part: "Defendant in custody – SCI Phoenix. Writ prepared for next listing. NCD 1/27/20 Rm 805." Municipal Court of Philadelphia County Secure Docket, MC-51-CR-0019988-2019, at 9. The docket note on January 27, 2020 states, in relevant part: "Defendant not brought down, recently transferred to SCI Huntingdon from SCI Phoenix." *Id.* The Commonwealth did not enter either the writ or the date on which the Appellee was transferred into evidence, nor did they explain why they could not issue another writ after he was transferred. The Commonwealth is required to show that it took the necessary steps to attempt to secure the defendant's presence at a hearing when the defendant is incarcerated. *See Commonwealth v. Thompson ("Thompson I")*, 93 A.3d 478, 489 n.1 (Pa. Super. 2014). As the Commonwealth did not present evidence of its due diligence, the trial court did not err in including January 27, 2020, through March 18, 2020, in the Rule 600 calculations.

In its final argument, the Commonwealth asserts that the trials dates of July 29, 2022, and August 5, 2022, were continued due to court delays, as the assigned trial court was not available. Appellee concedes that the period from July 29, 2022, through August 31, 2022, should not be included in the Rule 600 calculations.[8] **See** Appellee's Brief, at 28. Therefore, the adjusted run date was June 15, 2022. Because trial in this matter was scheduled for September 28, 2022, Appellee's Rule 600 rights were violated. Based on the evidence presented at the evidentiary hearing, the trial court did not abuse its discretion in granting the motion to dismiss.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024

---

[8] At any time, "[p]arties may by stipulation resolve questions of fact or limit the issues, and, if the stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court they become the law of the case." **Commonwealth v. Rizzuto**, 777 A.2d 1069, 1088 (Pa. 2001), *overruled in part on other grounds,* **Commonwealth v. Freeman**, 827 A.2d 385 (Pa. 2003) (citation omitted).