J-A04023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN KANE | : | No. 1186 EDA 2023 |

Appeal from the Order Entered April 18, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003249-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 3, 2024**

The Commonwealth of Pennsylvania appeals from the order granting Jordan Kane's motion to dismiss pursuant to Rule 600(A) — *i.e.*, the speedy trial rule. **See** Pa.R.Crim.P. 600(A). We affirm.

The relevant procedural history, which controls the outcome of this case, is as follows. On February 8, 2020, the Commonwealth filed a complaint charging Kane with three offenses graded as misdemeanors: possession of a controlled substance, driving under the influence ("DUI"), and recklessly endangering another person ("REAP").[1]

The following month, on March 17, 2020, the First Judicial District issued an order suspending Rule 600 due to the onset of the COVID-19 pandemic.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. § 780-113(a)(16), 75 Pa.C.S.A. § 3802(a)(1), and 18 Pa.C.S.A § 2705, respectively.

The suspension lasted until October 1, 2021. *See* Trial Court Opinion, 6/5/23, at 2.[2]

In the interim, the case was listed for trial in Philadelphia Municipal Court on August 6, 2021. On the day of trial, there was a joint request for a continuance, because the Commonwealth had not provided complete discovery and Kane had failed to appear. The court rescheduled trial for a date after the suspension of Rule 600 was lifted, November 19, 2021. On that date, the Commonwealth requested a continuance because discovery was still not complete, and a police officer witness had failed to appear. The court marked the case as "must be tried" and rescheduled trial for April 20, 2022. *See* Docket Entry No. 26.

On the new trial date, discovery was still not complete. Further, the Commonwealth added a felony charge – endangering the welfare of children ("EWOC").[3] The addition of a felony required the case to be transferred to the Court of Common Pleas and required the Municipal Court to hold a preliminary hearing. The court held the preliminary hearing, after which it dismissed the REAP charge and bound the other charges for trial.

---

[2] Because the parties agree that the period during the suspension of Rule 600 is excludable, we will not address the progression of the case during that period. We also note that neither party argues there was any excludable or excusable delay prior to the suspension of Rule 600.

[3] *See* 18 Pa.C.S.A. § 4304(a)(1). The Commonwealth also amended the DUI charge to reflect a violation of subsection (d)(2) rather than (a)(1). *See* 75 Pa.C.S.A. § 3802(d)(2).

Kane waived formal arraignment, and at a status hearing on May 24, 2022, the defense requested a continuance for further investigation. At a subsequent status hearing, on July 12, 2022, the Commonwealth asked for another continuance to provide the outstanding discovery. The court scheduled the next status hearing for September 22, 2022.

The day before the hearing, September 21, the defense filed a motion to quash, contending the Commonwealth had not made out a *prima facie* case at the preliminary hearing on the DUI or EWOC charges.

At the status hearing the following day, on September 22, several things happened. First, the court marked discovery as complete. Second, it scheduled a bench trial for January 10, 2023. Third, it scheduled a trial readiness conference for January 6, 2023. Fourth, the court scheduled a hearing on the motion to quash for October 7, 2022. The corresponding docket entry states,

> Case listed for Waiver Trial[;] 1st listing out of Smartroom[;] Discovery Complete[;] Defendant present at this listing and signed subpoena for Waiver Trial Date[;] Waiver Trial Date: 1/10/23 Rm. 704[;] Trial Readiness Conference: 1/6/23 Rm. 704[;] [next court date]: 10/7/22 Rm. 704 for Motion to Quash.

Docket Entry No. 60.

The day before the hearing on the motion, on October 6, 2022, Kane filed his first Rule 600(A) motion. At the hearing on the motion to quash, on October 7, 2022, the Commonwealth informed the defense for the first time that it would be calling an additional witness to supplement the preliminary hearing testimony. However, Kane was not present, as the defense had

- 3 -

believed the hearing would involve only argument. According to the docket, the defense requested a continuance to secure Kane's presence. *See* Docket Entry No. 66. The court rescheduled the hearing for October 20, 2022. On that date, both sides were ready, but the court rescheduled the hearing for the date of trial. *See* Docket Entry No. 72.

At the readiness conference on January 6, 2023, both sides informed the court they would be ready for trial on January 10. On January 9, Kane filed an addendum to his outstanding Rule 600(A) motion to dismiss.

On January 10, the trial date, the parties argued the motion to quash. The Commonwealth did not produce any additional witnesses. The court denied the motion. The Commonwealth then requested a continuance of the trial. It asserted one of the police officer witnesses was on maternity leave and another had childcare issues and argued that both circumstances were outside of its control. *See* N.T., 4/18/23, at 11, 13. The court granted the continuance. It scheduled another readiness conference for April 10, 2023, and continued trial to April 18, 2023. *See* Docket Entry No. 81.

At the readiness conference on April 10, both sides again informed the court they would be ready for trial. The next day, April 11, 2023, Kane filed a final addendum to his Rule 600(A) motion.

On the trial date, April 18, 2023, the court held a hearing on the Rule 600(A) motion. The defense introduced the court dockets and its suggested time calculations. *See* N.T. at 5-6. The Commonwealth introduced the criminal complaint. *Id.* at 11. The court granted the motion and dismissed the charges.

The Commonwealth appealed, and presents a single issue: "Did the lower court err by dismissing all charges under Rule 600, where fewer than 365 days of includable time passed between the filing of the criminal complaint and the dismissal of the charges?" Commonwealth's Br. at 7.

We review a trial court's decision on a Rule 600 motion for an abuse of discretion. *Commonwealth v. Reed*, 292 A.3d 601, 610 (Pa.Super. 2023). Our scope is limited to the evidence of record at the Rule 600 hearing. *Id.* We view the facts in the light most favorable to the prevailing party. *Id.*

Pursuant to Rule 600(A), the Commonwealth must bring a defendant to trial within 365 days of when it filed the written complaint. *See* Pa.R.Crim.P. 600(A)(2)(a). The remedy for violating this rule is dismissal with prejudice. *See* Pa.R.Crim.P. 600(D)(1). However, the 365 days by which trial must commence includes only periods of delay "caused by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa.R.Crim.P. 600(C)(1).

A trial court determines whether a Rule 600 violation has occurred in the following manner. First, it calculates the mechanical run date, which is 365 days after the filing of the complaint. *Reed*, 292 A.3d at 611. Next, it determines whether there has been any period of delay attributable to the defense or otherwise outside of the Commonwealth's control ("excludable time"), excludes it from the calculation, and determines the adjusted run date. *Id.* The court then considers whether the Commonwealth has been duly diligent in bringing the case to trial by the adjusted run date. Pa.R.Crim.P.

- 5 -

600(C)(1); **Commonwealth v. Wiggins**, 248 A.3d 1285, 1289 (Pa.Super. 2021). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Wiggins**, 248 A.3d at 1289 (citation omitted). It is the Commonwealth's burden to prove, by a preponderance of the evidence, that it was duly diligent for the entire period. **Id.** If trial has not commenced by the adjusted run date, and the Commonwealth has not been duly diligent, the court must dismiss the charges. **Reed**, 292 A.3d at 611.

Here, the mechanical run date was February 8, 2021.[4] The parties agree that three periods are excludable: (1) March 17, 2020, to October 1, 2021, when Rule 600 was suspended; (2) October 1, 2021, to November 19, 2021, the result of a joint continuance request; and (3) May 24, 2022, to July 12, 2022, when the defense requested a continuance for further investigation. Excluding this time makes the adjusted run date December 1, 2022.

The Commonwealth argues that two additional periods are excludable. First, it argues that the period between September 22, 2022, and January 10, 2023, is attributable to the defense because Kane requested a hearing on the motion to quash. The Commonwealth further argues it is not responsible for the either continuance of that hearing, as the first continuance was due to a

_____

[4] February 7, 2021, was a Sunday. **See** 1 Pa.C.S.A. § 1908; **Commonwealth v. Thompson**, 136 A.3d 178, 183 (Pa.Super. 2016).

defense request, and the second was due to the court. The Commonwealth also points out that neither continuance postponed the trial date.

Second, the Commonwealth argues that the time from January 10, 2023, to April 18, 2023, is excludable. It argues that the unavailability of its witnesses due to parental leave and childcare were outside of its control.

There are two difficulties with the Commonwealth's argument related to the motion to quash. First, the Commonwealth supports the proposition that Kane asked for a hearing on the motion to quash by citing the transcript of the September 22, 2022 hearing. **See** Commonwealth's Br. at 18. However, that transcript was not marked or introduced into evidence at the Rule 600 hearing. It is therefore beyond the scope of our review. **Reed**, 292 A.3d at 611. In any event, even assuming Kane did request a hearing, the Commonwealth does not allege that Kane asked the court to postpone the trial date to accommodate the hearing. The pertinent questions, therefore, are whether Kane's filing of the motion delayed trial and whether the Commonwealth exercised due diligence in opposing or responding to the motion. **See Commonwealth v. Cook**, 865 A.2d 869, 875 (Pa.Super. 2004).

Second, and as the Commonwealth acknowledges, the Commonwealth's instant argument differs from the one it made below. There, the Commonwealth argued only that the period between October 7, 2022, and January 10, 2023, was excludable, because of the continuances the defense requested and the court ordered. It did not argue that the entire period between September 22, 2022, and January 10, 2023, was excludable because

Kane's motion allegedly affected the trial date. **See** Commonwealth's Br. at 12 n.1, 19 n.3. The issue is therefore waived. **See** Pa.R.A.P. 302(a).

If it were not waived, we would find it unfounded. The Commonwealth did not introduce evidence supporting its theory that the court pushed back the trial date to allow time to hear the motion to quash. Rather, the docket reflects that at the September 22 status hearing, the court simultaneously scheduled a hearing on the motion, a readiness hearing, and trial.[5] The filing of the motion did not delay trial.

Regarding the preserved portion of the Commonwealth's first argument — that the continuances of the motion to quash hearing were excludable — the trial court rejected this argument because the continuances did not delay the trial. **See** Trial Ct. Op. at 11-12. Furthermore, the court observed that the first hearing date was continued because the Commonwealth represented for the first time that it intended to introduce new testimony, necessitating Kane's presence. **Id.** at 10-11. The court also noted that despite generating the delay, the Commonwealth never actually introduced any additional testimony at the hearing on the motion to quash. **Id.** at 12.

The court did not abuse its discretion. The continuances of the motion to quash hearing did not delay the trial date. The continuances therefore did

---

[5] Because the motion to quash did not address all the charges, this was not a situation where the resolution of the motion to quash might have eliminated the need for a trial.

not render the period excludable and did not shift the adjusted run date from December 1, 2022.

Because the Commonwealth failed to bring Kane to trial on or before the adjusted run date, the trial court considered whether the Commonwealth proved it had been duly diligent throughout the life of the case. The court found the Commonwealth failed to carry its burden in this regard. Trial Ct. Op. at 12.[6] It noted the Commonwealth's repeated failure to provide discovery. *Id.* at 10 n.6. It also observed that at the September 22, 2022 status hearing, when the court proposed the January 10, 2023 trial date, the Commonwealth neither objected nor sought an earlier date. *Id.* at 9-10, 12.

The court did not abuse its discretion in reaching this conclusion. Aside from the excluded periods, two major periods of delay occurred in this case. First, the Commonwealth added a felony charge over two years after it filed the complaint, on the date the case had been marked "must be tried" in Municipal Court. This necessitated further proceedings and the transfer of the case to the Court of Common Pleas. The Commonwealth did not provide a reason for its delay in adding the charge at the Rule 600(A) hearing.

Second, the Commonwealth failed to provide complete discovery until September 22, 2022, over two and a half years after filing the complaint. The Commonwealth never gave a reason for this delay at the Rule 600(A) hearing.

---

[6] Although the trial court held the adjusted run date was one day prior – November 30, 2022 – this has no discernable bearing on the analysis.

Despite being responsible for these delays, when the court scheduled trial for after the adjusted run date, the Commonwealth failed to bring to the court's attention that the time under Rule 600 to prosecute Kane was nearing an end. The Commonwealth did not provide any justification for this failure at the Rule 600(A) hearing.

We therefore affirm the trial court's finding that the Commonwealth failed to exercise due diligence to bring the case to trial by the adjusted run date and affirm its decision to dismiss the charges under Rule 600(A). We also find, as the trial court found, that we need not consider whether any further delays that occurred following the expiration of the adjusted run date were outside of the Commonwealth's control. ***See*** Trial Ct. Op. at 12 n.9.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/03/2024