J-A26026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DURAND DAMION LAWSON | : | |
| | : | |
| Appellant | : | No. 1565 WDA 2024 |

Appeal from the PCRA Order Entered June 20, 2023
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000070-2018

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: April 23, 2026**

Appellant, Durand Damion Lawson, appeals *pro se* from the order entered on June 20, 2023, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we are constrained to vacate the order and remand for the appointment of new PCRA counsel and additional proceedings.

We previously summarized the facts and procedural history of this case as follows:

On January 9, 2018, Officer Brian Lombardo of the New Castle Police department was on patrol when he determined that a passing Chevrolet Caprice, driven by Appellant, had an expired registration. When Officer Lombardo activated his lights and sirens to conduct a traffic stop, Appellant led him on a high-speed chase, reaching speeds in excess of 70 miles per hour in a residential zone with a 25 mile per hour speed limit. The car chase ended when Appellant crashed the car into the side of an apartment building. Appellant, dressed in a black jacket, yellow shirt, jeans,

and Nike shoes, then fled from the vehicle. Dashcam video recorded the event from its inception to Appellant's flight.

Officer Lombardo watched Appellant run across a snowy field, observing Appellant slip and fall. Officer Randall Cook, who had responded to the radio alert of the chase, arrived and watched Appellant, whom he recognized from the radio description as the man wearing a yellow shirt, black jacket, and jeans, force his way into a nearby house. At the same time, Robert Sutton, a resident of the house, who had seen Appellant driving the Caprice about an hour and a half earlier, watched Appellant enter [the home] through the back door, yell[ed] "police!" and [ran] upstairs.

Officers Lombardo and Cook followed Appellant into the house and commanded everyone inside to leave. Four members of the household who were downstairs complied, but Appellant was not among them. The officers reiterated the command and, after they announced that a search dog was on its way, Appellant descended the stairs, saying that he had been asleep. He was breathing heavily, and wearing only wet, muddy jeans. The officers searched the house, where they found wet Nike shoes, as well as the black jacket and yellow shirt that they saw Appellant wearing during the foot chase. Appellant put the wet shoes on and wore them to the New Castle Police Station.

As this was happening, Officer Darcell Bouyer arrived at the accident scene within thirty seconds of the crash and saw a loaded High Point 9-millimeter pistol lying in plain view on the driver's side front seat of the Caprice. He photographed the pistol as he found it.

***Commonwealth v. Lawson***, 266 A.3d 638, at *1 (Pa. Super. 2021)

(non-precedential decision).

On January 9, 2018, the Commonwealth charged Appellant with persons not to possess a firearm, firearms not to be carried without a license, and fleeing or attempting to elude a police officer.[1] On October 20, 2019, at the conclusion of a three-day trial, the jury found Appellant guilty of the

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), and 75 Pa.C.S.A. § 3733(a), respectively.

aforementioned charges. *Id.* at *3. On January 10, 2020, the trial court sentenced Appellant to an aggregate term of six to 12 years of incarceration. *Id.* On October 15, 2021, we affirmed Appellant's judgment of sentence. *Id.* at *8. Our Supreme Court denied further review. *Commonwealth v. Lawson*, 275 A.3d 485, 486 (Pa. 2022).

Thereafter, the procedural history of the case became slightly convoluted. Appellant filed a timely *pro se* PCRA petition on December 21, 2022.[2] On January 3, 2023, the PCRA court appointed Attorney Dennis McCurdy to represent Appellant, but inadvertently failed to enter an order to that effect.[3] On March 6, 2023, the PCRA court permitted Attorney McCurdy to withdraw. After permitting Attorney McCurdy to withdraw, the PCRA court convened an evidentiary hearing on June 8, 2023, wherein Appellant appeared *pro se*. *See* PCRA Court Opinion, 2/13/2025, at 10 ("The court held a hearing on [Appellant's] [p]etition on June 8, 2023, and the court issued an order and [o]pinion on June 20, 2023, denying [Appellant's PCRA] [p]etition."). On June

---

[2] Our review of the certified record confirms that Appellant unintentionally filed a prior petition for this case at Docket No. 400 of 2017, a separate trial court docket at which Appellant is also a defendant.

[3] For a more detailed discussion regarding the appointment of PCRA counsel, *see* n. 4, *infra*.

20, 2023, the PCRA court dismissed Appellant's petition.  ***See id*.**  Appellant

filed a timely, *pro se* notice of appeal on July 14, 2023.[4]

_____

[4]    Appellant's notice of appeal was discovered during our review of a companion case, at trial court docket CP-37-CR-0000400-2017, which was docketed in our Court at 1434 WDA 2024.  On November 12, 2024, Appellant filed an appeal in that companion case from the same June 20, 2023 order. Certified record review, however, confirmed that Appellant's notice of appeal in this matter was never forwarded to this Court.  Moreover, despite the fact that the current PCRA petition was Appellant's first, there was no indication on the docket or in the certified record that counsel was appointed to represent Appellant herein.  **See** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on defendant's first petition for post-conviction collateral relief."). Accordingly, on February 25, 2025, this Court issued an order directing the PCRA court to clarify whether Appellant was entitled to counsel and, if so, to appoint counsel.  On March 13, 2025, this Court received a response from the PCRA court indicating that Attorney Dennis McCurdy had been appointed, but that "Attorney McCurdy had been assigned to [the] separate case [at trial court docket number] 400 of 2017" and "was not 'formally' assigned to the case on record, through inadvertence."  PCRA Court Letter, 3/13/2025, at *1.

As such, the PCRA court "corrected this error by entering [an] order of court appointing Attorney McCurdy of record in this case."  ***Id.***  By order entered on March 11, 2025, the PCRA court appointed Attorney McCurdy and directed him to "take any action that counsel deem[ed] appropriate."  Order of Court, 3/11/2025, at *1.  On April 10, 2025, Attorney McCurdy filed a motion to withdraw and a "no-merit letter" pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  In his ***Turner***/***Finley*** "no-merit letter" filed with the PCRA court, counsel set forth the following issues Appellant alleged on collateral review:  "(1) [Appellant] alleges that the jury pool was tainted by the lack of Black jurors in the pool or seated in the jury[;] (2) [Appellant] alleges that counsel was ineffective for having him removed during the *voir dire* stage of seating the jury."  ***Turner***/***Finley*** Letter, 4/10/2025, at 3.  On April 15, 2025, the PCRA court entered the following order:

> […H]aving been remanded by the Superior Court [] to clarify
> whether Appellant is entitled to counsel, and if so, to appoint

*(Footnote Continued Next Page)*

On appeal *pro se*, Appellant presents the following issues for our review:

1. Did the PCRA [c]ourt err where it determined that an evidentiary hearing was necessary but [allowed Appellant's] attorney [to withdraw] prior to holding the hearing?

_____

counsel to represent [] Appellant, the [PCRA c]ourt has reviewed the record. The [PCRA c]ourt finds that [it] intended to appoint Dennis W. McCurdy, Esq., to two cases involving [Appellant], case No. 400 of 2017 and the within case, No. 70 of 2018; however, the order of appointment was only entered at case No. 400 of 2017. Nevertheless, Attorney McCurdy reviewed both cases and found both cases to be without merit and sought withdrawal pursuant to ***Turner***/***Finley***. The parties proceeded at this case with [Appellant] proceeding *pro se*. Since Attorney McCurdy's appointment was not filed of record, [the PCRA c]ourt, upon remand, appointed Attorney McCurdy formally for the record; whereupon Attorney McCurdy filed a separate petition to withdraw pursuant to ***Turner***/***Finley*** at this case number and has been granted leave to withdraw.

Order of Court, 4/15/2025, at *1. Accordingly, the PCRA court returned the case to this Court.

We confirmed the PCRA court's recitation of this procedural history upon review of the certified record at both trial docket numbers. Moreover, in his *pro se* appellate brief, Appellant acknowledges that Attorney McCurdy was appointed to represent him on January 3, 2023 and that Attorney McCurdy was permitted to withdraw on March 6, 2023. Appellant's Brief, at 12. Upon further review, the PCRA court held an evidentiary hearing on June 8, 2023, wherein Appellant proceeded *pro se*. ***See*** PCRA Court Opinion, 2/13/2025, at 10 ("The court held a hearing on [Appellant's] [p]etition on June 8, 2023, and the court issued an order and [o]pinion on June 20, 2023, denying [Appellant's PCRA] [p]etition."); ***see also*** Appellant's Brief at 12 ("The PCRA [c]ourt granted [Attorney] McCurdy's [m]otion to [w]ithdraw, and then scheduled a hearing on [Appellant's] PCRA petition … *via* video on June 8, 2023 [wherein Appellant] represented himself."); ***see also*** Appellant's *Pro Se* Motion for New PCRA Counsel, 3/7/2025, at ¶¶ 5-7 (claiming the PCRA court granted counsel's motion to withdraw, but still held an evidentiary hearing where Appellant "was compelled to proceed *pro se*."); ***see also id.*** at ¶ 8 (Appellant "is arguing that his due process rights were violated when the [PCRA c]ourt first allowed his PCRA counsel to withdraw and subsequently held a hearing where [Appellant] was forced to represent himself.").

2. Did the PCRA [c]ourt err in dismissing [Appellant's] claim that [appointed] standby counsel['s] interference at trial deprived Appellant of his right to self-representation and his right to counsel of his own choosing in violation of ***Faretta v. California***, 422 U.S. 806 (1975) and ***McKaskle v. Wiggins***, 465 U.S. 168 (1984)?

Appellant's *Pro Se* Brief, at 7.

In his first issue, Appellant argues that "the PCRA court deprived him of his right to counsel by allowing [Attorney] McCurdy to withdraw before the PCRA hearing[.]" ***Id.*** at 20; ***see also id.*** at 22 ("Therefore, the PCRA [court] erred in holding a hearing on [Appellant's] first PCRA petition after allowing Attorney McCurdy to withdraw."). Appellant contends that Pennsylvania Rules of Criminal Procedure 904 and 908 provide that an indigent defendant is entitled to the appointment of counsel on his or her first PCRA petition and throughout the post-conviction proceedings. ***Id.*** at 21-22 (citations omitted). Appellant posits that by granting Attorney McCurdy's petition to withdraw based upon his ***Turner***/***Finley*** no-merit letter, but then requiring Appellant to proceed at a hearing *pro se*, the PCRA court took inconsistent positions in finding that the issues presented were devoid of merit, but then concluded that there were issues of material fact which required an evidentiary hearing. ***Id.*** at 21. Appellant maintains that, in granting an evidentiary hearing, the PCRA court believed there may have been a factual basis that entitled Appellant to relief. ***Id.*** at 22. As such, Appellant argues that the PCRA court's order "should be vacated and this case should be remanded for the appointment of counsel and a new PCRA hearing." ***Id.*** at 22. We agree.

This Court has stated:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party.

*Commonwealth v. Wiggins*, 248 A.3d 1285, 1288 (Pa. Super. 2021) (citation omitted).

Pursuant to Pennsylvania Rule of Criminal Procedure 904, an indigent defendant is entitled to the appointment of counsel for a first PCRA petition. *See* Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). Generally, "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." *See* Pa.R.Crim.P. 904(F)(2); *see also* Pa.R.Crim.P. 904, Comment ("Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel. However, the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be appointed *only* if the judge determines that an evidentiary hearing is required. Of course, the judge has the discretion to appoint counsel in any case when the interests of justice require it.").

"[T]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Wiggins***, 248 A.3d at 1290 (citation omitted.  However, Pennsylvania Rule of Criminal Procedure 908 provides that the PCRA judge "shall order a hearing" either "whenever the Commonwealth files a motion to dismiss due to the defendant's delay in filing the petition" or "when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact." Pa.R.Crim.P. 908(A)(1)-(2).  On the other hand, "the judge may deny a hearing on a specific issue of fact when a full and fair evidentiary hearing upon that issue was held at trial or at any proceeding before or after trial." Pa.R.Crim.P. 908(A)(2).  When the PCRA court orders an evidentiary hearing to be held on a PCRA petition, "the judge shall permit the defendant to appear in person at the hearing and **shall provide the defendant an opportunity to have counsel**."  Pa.R.Crim.P. 908(C) (emphasis added).

Here, the PCRA court determined that there were no issues of material fact when it granted PCRA counsel's motion to withdraw pursuant to ***Turner***/***Finley***.  Yet after allowing PCRA counsel to withdraw, The PCRA court scheduled an evidentiary hearing on Appellant's PCRA petition. As Pa.R.Crim.P. 908 provides, if an evidentiary hearing is convened, the PCRA court **shall** provide the defendant with an opportunity to have counsel.  Here, the PCRA court convened an evidentiary hearing, presumably to address the merits of Appellant's claims.  Appellant, however, was not afforded counsel

at that evidentiary hearing. This constituted a violation of the plain terms of Pa.R.Crim.P. 908(C). As such, we are constrained to vacate the PCRA order. We remand for the appointment of new PCRA counsel to file either an amended PCRA petition or *Turner*/*Finley* letter and motion to withdraw. Should the PCRA court determine that there are no meritorious issues and that an evidentiary hearing is not required, the PCRA court should follow Pa.R.Crim.P. 907, which allows the court to dismiss a petition upon notice and following the passage of a period for response. Should the PCRA court determine that there are potentially meritorious issues and that an evidentiary hearing is required, Appellant is entitled to be represented by counsel. Finally, having determined that Appellant is entitled to relief on his first appellate issue, we need not address his second issue as presented.

Order vacated. Case remanded for the appointment of new PCRA counsel and any additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/23/2026