J-A26010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES BRYAN MALONEY | : | |
| | : | |
| Appellant | : | No. 2905 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 9, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001154-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 3, 2024**

Appellant, James Bryan Maloney, appeals from the judgment of sentence entered on November 9, 2022, following his convictions for three counts of Rape of a Child.[1] Appellant challenges the denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600 by specifically asserting that the Commonwealth did not exercise due diligence in bringing his case to trial during and after the COVID-19 judicial emergency.[2] Upon careful review, we affirm.

---

[1] 18 Pa.C.S. § 3121(c).

[2] Due to the COVID pandemic, in March of 2020, the Pennsylvania Supreme Court issued emergency orders suspending Rule 600 statewide through June 1, 2020. **See In re General Statewide Judicial Emergency**, 228 A.3d 1283, 1287 (Pa. filed March 18, 2020) (*per curiam*); **In re General Statewide Judicial Emergency**, 230 A.3d 1015, 1019 (Pa. filed April 28, 2020) (*per curiam*). When the statewide judicial emergency ended, the Court
*(Footnote Continued Next Page)*

On December 29, 2020, during the COVID-19 judicial emergency, the Hatfield Township Police Department filed a criminal complaint against Appellant for the sexual assault of his then-5-year-old daughter. On January 12, 2021, the court continued Appellant's preliminary hearing by request of the defense. On February 16, 2021, the court held a preliminary hearing. On April 27, 2021, Appellant waived his formal arraignment. On December 6, 2021, the Commonwealth turned over discovery to defense counsel. On December 10, 2021, the Commonwealth filed the bills of information and represented to the court that it was prepared to proceed to trial. On April 1, 2022, following the pre-trial conference, the court moved the case to the call of the trial list scheduled for September 27, 2022.

On April 29, 2022, new counsel for Appellant entered an appearance and filed a request for pre-trial discovery. On May 3, 2022, the Commonwealth turned over all discovery that it had in its possession, and on

_____

expressly empowered each judicial district's president judge to enter self-effectuating declarations of judicial emergency, which could "[s]uspend statewide rules pertaining to the rule-based right of criminal defendants to a prompt trial." ***In re General Statewide Judicial Emergency***, 234 A.3d 408 (Pa. filed May 27, 2020) (*per curiam*); ***see*** Pa.R.J.A. 1952(B)(2)(m). On June 3, 2020, after issuing its prior orders declaring a judicial emergency, cancelling all jury and non-jury trials, and suspending Rule 600, the Honorable Thomas M. DelRicci, President Judge of the Montgomery Court of Common Pleas ordered "that any postponement of criminal case scheduling caused by the declaration of this juridical emergency, from March 12, 2020 though the expiration of the judicial emergency, shall be considered a court postponement and shall constitute excludable time for purposes of the application of Rule of Criminal Procedure 600." ***See*** *DelRicci* Order, 6/30/20. On August 30, 2021, President Judge DelRicci issued an order vacating his June 3, 2020 order effective August 31, 2021. ***See*** *DelRicci* Order, 8/30/21.

June 29, 2022, the Commonwealth sent a discovery log to Appellant's counsel. On September 27, 2022, the trial court scheduled Appellant's jury trial to commence on November 9, 2022.

On October 18, 2022, Appellant filed a motion to dismiss for violation of Rule 600 and his right to a speedy trial, averring that 392 days had passed between the August 31, 2021 order vacating the suspension of Rule 600 due to the COVID judicial emergency and September 27, 2022, the date the court listed the case for the call of the trial list.[3]

On November 9, 2022, the trial court held a hearing on the Rule 600 motion. The trial court heard testimony from First Assistant District Attorney ("ADA") Edward McCann; Lauren Heron, Deputy Court Administrator for the Criminal Division; and ADA Karla Pisarcik.

The trial court authored a thorough and accurate summary of testimony in its Pa.R.A.P. 1925(a) opinion, which we adopt for purposes of this appeal. Trial Ct. Op., 2/10/23, at 5-7. In sum, ADA McCann testified that during the judicial emergency, the leadership in the District Attorney's Office instructed the ADAs who were working remotely to keep their files prepared to be ready when the court reopened; that the District Attorney's Office did not resume full in person operations until June 1, 2021; and that the Montgomery County Court of Common Pleas did not resume any jury trials until July 1, 2021,

---

[3] Appellant further averred that he had never received a continuance or signed a Rule 600 waiver. Finally, Appellant asserted that the Commonwealth never made a special request to have the case listed and never notified the Court that there was a Rule 600 issue in the case.

despite requests from the District Attorney's office to resume jury trials prior to this date.

Ms. Heron testified regarding the Montgomery Court of Common Pleas court's phased reopening. Although the court began holding jury trials in July 2021, it was not until July 2022 that the court had its full complement of seven judges and the court could return to holding as many criminal trials as it did before the pandemic began.[4] She further explained that because of the COVID restrictions, the court incurred a backlog of criminal matters so that the court's criminal case inventory went from of 4,200 cases prior to the judicial emergency to over 9,000 active cases as of November 2021. Finally, Ms. Heron testified that if the District Attorney's office had requested court administration to schedule every case with impending Rule 600 deadlines caused by the judicial emergency, it would not have been able to accommodate all requests.

ADA Pisarcik testified that she was assigned to Appellant's case on or about April 8, 2022. She explained that she did not request any kind of special listing in this matter because unlike many other cases under her supervision, this matter had already had a pre-trial conference, was awaiting a call of the trial list date, and was moving forward when it was assigned to her. ADA

---

[4] Ms. Heron explained that homicides were given priority upon the resumption of jury trials, followed by incarcerated defendants and, lastly, non-incarcerated defendants. Ms. Heron testified that one judge was assigned to homicides, three judges were assigned to jury trials, two judges were assigned to bench trials, and two judges were assigned to triage conferences.

Pisarcik further indicated that the approximately one-year delay between the formal arraignment and the pre-trial conference in this matter was common in all of her cases during that time period, but she had no control over scheduling matters for pre-trial conferences as that is a duty assigned to court administration. ADA Pisarcik further testified that there was a lot of multimedia discovery in this case and she sent a discovery log in July 2022 to defense counsel itemizing the discovery to ensure that defense counsel had everything in the Commonwealth's possession. She explained that she communicated with defense counsel consistently throughout the summer of 2022 to resolve any technical issues with discovery and/or any missing discovery.

On November 9, 2022, the trial court denied Appellant's Rule 600 motion to dismiss, finding that (1) the Commonwealth had exercised due diligence throughout the case; (2) the time from December 29, 2020, to August 31, 2021, constituted excludable time pursuant to the judicial emergency in Montgomery County; and (3) the time between the Commonwealth's filing of the bills of information on December 10, 2021 until the trial date constituted excludable time due to scheduling backlog stemming from the judicial emergency.[5] Findings of Fact and Conclusions of Law, 11/10/22, at ¶¶ 9-10.

_____

[5] On November 9, 2022, the court denied the Rule 600 motion on the record. The next day, on November 10, 2022, the court docketed a written order as well as findings of facts and conclusions of law.

The trial court proceeded directly to a stipulated bench trial, and the trial court convicted Appellant of 3 counts of Rape of a Child and sentenced him to an aggregate term of 10-20 years' incarceration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review: "Whether the trial court erred in denying Appellant's motion for dismissal due to violation of constitutional right to a speedy trial and/or violation of Pa.R.Cr[im].P. 600?" Appellant's Br. at 4 (some capitalization omitted).

We review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Burno*, 154 A.3d 764, 793 (Pa. 2017). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." *Id.* (citation omitted). "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." *Id*. (citation omitted).

Rule 600 requires that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Known as the mechanical run date, that date may be extended under certain circumstances. *Commonwealth v. Wendel*, 165 A.3d 952, 956–57 (Pa.

Super. 2017).[6] When a defendant seeks dismissal based on a violation of Rule 600, the court first establishes the mechanical run date, then determines whether any periods of delay are excludable and if so, it extends the mechanical run date to account for the periods of excludable delay to, thus, arrive at the adjusted run date. Pa.R.Crim.P. 600(C). The Commonwealth must bring a defendant to trial by the adjusted run date. *Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa. Super. 2015).

"For purposes of [Rule 600(A)], periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

Stated another way, where the Commonwealth has exercised due diligence, delays caused by events out of the control of the Commonwealth are not generally attributable to the Commonwealth, and the trial court may extend the mechanical run date to account for such delays. *Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021). Likewise, judicial delays, or delays caused by the court's schedule, are excludable and thus, extend the mechanical run date. *Id.*

However, our Supreme Court has held that "in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the

---

[6] *See generally Barker v. Wingo*, 407 U.S. 514, 521-22 (1972); U.S. CONST. amend. VI.

- 7 -

Commonwealth has met its obligation to act with due diligence throughout the life of the case[.]" **Harth**, 252 A.3d at 618. "[I]f the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion." **Id**. The burden is on the Commonwealth to demonstrate due diligence by a preponderance of the evidence. **Wiggins**, 248 A.3d at 1289. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Id.** (citations omitted).

It is undisputed that Appellant's trial did not occur until November 9, 2022, 680 days after the Commonwealth filed the criminal complaint. Appellant was charged on December 29, 2020, which meant his mechanical run date—absent a judicial emergency—would have been December 29, 2021. In light of the judicial emergency, the trial court calculated the mechanical run date from the end of the judicial emergency on August 31, 2021, and found the new mechanical run date to be adjusted to August 31, 2022. Due to the court's scheduling backlog stemming from the judicial emergency, the court excluded an additional 334 days, or 579 days total, for an adjusted run date of July 31, 2023. Overall, the trial court found that the Commonwealth was diligent throughout the life of the case, and that 579 of the 680 days between the complaint's filing and the date of trial were due to judicial delay beyond the Commonwealth's control and, therefore, excludable. Trial Ct. Op. at 10.

The trial court found the only non-excludable time to be from August 31, 2021, which was the end of the judicial emergency, to December 10, 2021, when the Commonwealth filed the bills of information, which was 101 days. *Id.*

In his sole issue, Appellant avers that the trial court abused its discretion in denying his Rule 600 motion. Appellant's Br. at 12. In his argument, Appellant does not challenge the trial court's finding that 579 days were excludable due to the judicial emergency and/or judicial delay caused by the backlog of scheduling cases following the termination of the judicial emergency. Rather, Appellant concentrates his argument solely on his contention that the Commonwealth failed to demonstrate the required due diligence throughout the life of the case.

Specifically, Appellant argues that the Commonwealth failed to meet its burden to show due diligence because (1) the Montgomery County District Attorney's Office did not have an official policy or office-wide system regarding the tracking of Rule 600 date, (2) various ADAs assigned to the case did not confirm the Rule 600 mechanical run date and/or inform the court and request the case to be listed, and (3) the Commonwealth did not provide complete discovery until September 26, 2022, after the mechanical run date, and therefore was not trial ready at all stages of the proceeding. *Id.* at 10-11. Upon review, we find no abuse of discretion.

In finding that the Commonwealth exercised due diligence throughout the life of the case, the trial court placed weight on the evidence that the Commonwealth filed timely bills of information, exercised its best efforts to

- 9 -

ensure discovery was complete, tracked the progress of the case, and was satisfied that the case was moving forward in light of the scheduling of a pre-trial conference and a call of the trial list. The court also acknowledged that the Commonwealth had not requested any continuances. *Id.*

Additionally, the trial court found that any missing discovery was not in bad faith and did not contribute to the matter being tried past its mechanical run date of August 31, 2022. *Id.* at 9.

The court opined:

[T]he record demonstrates that the Commonwealth acted in good faith in sending [Appellant] all discovery which was believed to be in its possession. Once the Commonwealth discovered that Defendant was missing a piece of discovery, it responded almost immediately and ensured [that Appellant] received the materials. The Commonwealth also demonstrated due diligence by sending a discovery log to defense counsel on July 28, 2022, to ensure that each party could confirm whether any discovery materials had not been given to the defense. The Commonwealth was not required to demonstrate perfect vigilance and punctilious care, but rather simply a reasonable effort. The Commonwealth's actions throughout the pendency of this matter demonstrates the Commonwealth easily surpassed the reasonable effort threshold. Further, no matter how diligent the Commonwealth was in providing any missing discovery to the defense, it could not have brought Defendant to trial any faster. . . . The court's congested docket resulted in this matter not being scheduled for a call of the trial list until September 27, 2022, which was approximately 6 months following the pre-trial conference.

*Id.*

Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the Commonwealth demonstrated, by a preponderance of the evidence, that it exercised due diligence throughout the

life of the case. The record supports the court's conclusion that the Commonwealth acted reasonably under the circumstances. Accordingly, we find no abuse of discretion.

Moreover, we are unpersuaded by Appellant's argument that the Commonwealth failed to exercise due diligence because it did not have an officewide policy to track Rule 600 dates and did not request an earlier listing of the case. Appellant's Br. at 16, 18. To support this assertion, Appellant relies on *Commonwealth v. Browne*, 584 A.2d 902 (Pa. 1990), and *Commonwealth v. McCutcheon*, 488 A.2d 281 (Pa. Super. 1985), two cases that are easily distinguished from the instant case because neither involves a scenario where a court was dealing with a scheduling backlog of 9,000 cases following a judicial emergency. The trial court here did not place weight on the fact that the Commonwealth failed to request an earlier listing of the case, and instead found that the Commonwealth was under no obligation to do so. Trial Ct. Op. at 9. We agree. *See Commonwealth v. Robbins*, 900 A.2d 413, 417 (Pa. Super. 2006) (holding that the Commonwealth is not required to inform the court of an imminent run date violation and the failure to do so is not dispositive in a due diligence analysis).

In sum, viewing the evidence in the light most favorable to the Commonwealth, the record supports the trial court's finding that the Commonwealth exercised due diligence throughout the case. Accordingly, we find no abuse of discretion in the trial court's denial of Appellant's Rule 600 motion.

- 11 -

Judgment of Sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024