J-S41020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JARROD DOLPHIN :
:
Appellant : No. 230 WDA 2023

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014805-2016

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: May 13, 2024**

Appellant, Jarrod Dolphin, appeals from an order entered on February 1, 2023 in the Criminal Division of the Court of Common Pleas of Allegheny County that denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The Commonwealth charged Appellant with criminal homicide, persons not to possess a firearm, and carrying a firearm without a license for his role in the August 2016 fatal shooting of Manly Banks, III. Appellant pled not guilty to the charged offenses and proceeded to a bench trial. At trial, Appellant argued that the killing was justified because he acted in self-defense.

---

[*] Former Justice specially assigned to the Superior Court.

At the conclusion of the bench trial on August 6, 2018, the court found Appellant guilty of third-degree murder, persons not to possess a firearm, and carrying a firearm without a license. Thereafter, the trial court sentenced Appellant to an aggregate term of 17-34 years in prison.

Appellant did not immediately file a direct appeal, but his appellate rights were subsequently re-instated *nunc pro tunc*. This Court affirmed Appellant's judgment of sentence on May 27, 2020, and Appellant did not seek further review before the Supreme Court.

Appellant filed a timely *pro se* petition under the PCRA on June 20, 2021. Counsel was appointed and filed an amended petition on February 6, 2022. Counsel filed a second amended petition on June 17, 2022. On October 17, 2022, the PCRA court, pursuant to Pa.R.Crim.P. 907, issued notice of its intent to dismiss Appellant's petition without an evidentiary hearing. The court issued its final dismissal order on February 1, 2023. This appeal followed.[1]

Appellant raises the following claims in his brief to this Court.

Whether the PCRA court committed error when it ruled, without an evidentiary hearing, that Appellant's Sixth Amendment right to effective assistance of counsel was not violated by his trial attorney's failure to object, during the suppression hearing, to the admission of the video recording of Malik Cogburn's August 10, 2016, police interview with Officer James McGee?

Whether the PCRA court committed error when it ruled, without an evidentiary hearing, that Appellant's Sixth Amendment right to effective assistance of counsel was not violated by his trial

_____

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

attorney's failure to object to the admission of the video recording of Marcel Cogburn's police interview with Detective [] Satler?

Whether the PCRA court committed error when it ruled, without an evidentiary hearing, that Appellant's Sixth Amendment right to effective assistance of counsel was not violated by his trial attorney's failure to object to the admission of the video recording of Malik Cogburn's police interview with [Officer   Patterson and Officer   Fynn]?

Whether the PCRA court committed error when it ruled, without an evidentiary hearing, that Appellant's Sixth Amendment right to effective assistance of counsel was not violated by his trial attorney's failure to follow through with his objection to the Commonwealth's motion to incorporate the suppression hearing testimony and exhibits into the trial record?

Whether the PCRA court committed error when it ruled, without an evidentiary hearing, that Appellant's Sixth Amendment right to effective assistance of counsel was not violated by the cumulative effect of trial counsel's errors?

Appellant's Brief at 4-5.[2]

Appellant's claims center upon the admission of previously recorded statements to police provided by witnesses who testified at Appellant's suppression hearing and trial. Accordingly, we initially summarize the circumstances surrounding the introduction of these statements and then turn to the substance of Appellant's claims.

Appellant's first issue asserts that defense counsel was ineffective when he failed to object at Appellant's suppression hearing to the admission of Malik Cogburn's (Malik) August 10, 2016, recorded interview with Pittsburgh

_____

[2] For ease of discussion, we have re-ordered the issues identified in Appellant's statement of questions raised on appeal.

- 3 -

Detective James McGee. At the hearing, Appellant sought to challenge the admissibility of Malik's pretrial identification of Appellant as Manly Banks' shooter through the use of a photo array conducted during the August 2016 interview. To accomplish this goal, Appellant called Malik to testify. While on the witness stand, Malik was asked several questions pertaining to his identification of Appellant and offered varied responses to these questions; at times, he replied that he did not know the answers, that he could not recall events that transpired during the interview, and that he lied during the interview. Eventually, Malik invoked his Fifth Amendment privilege to avoid testifying. Because Malik stated he did not recall several topics covered during the recorded interview, the trial court, under Pa.R.E. 803.1(4)(c), permitted the Commonwealth to introduce, through Detective McGee, the video recording of Malik's August 2016 interrogation.

Appellant's third issue asserts that he was denied effective counsel when his attorney did not object at trial to the admission of Marcel Cogburn's (Marcel) recorded interview with Pittsburgh Detective George Satler. Like Malik, when Marcel was asked at trial about events that occurred on the night of Manly Banks' shooting, Marcel could not recall several topics that he addressed during his prior interview with Detective Satler. For example, Marcel could not recall who was present outside his home prior to the shooting, how many gunshots he heard, whether anyone returned to his house after the shots were fired, whether he saw a gun magazine in Appellant's pocket, and

whether he heard anyone tell Appellant to run. Because Marcel could not recall many of the topics covered during his recorded interview with Detective Satler, the trial court admitted his prior recorded statement under Pa.R.E. 803.1(4)(c).

Appellant's fourth issue asserts that defense counsel was ineffective when he failed to object at trial to the admission of (Malik's) recorded interview with Pittsburgh detectives Patterson and Flynn. Malik was asked at trial whether Appellant threatened violence against any of the witnesses present during Manly Banks' shooting if they called the police, a subject covered during his interview with the detectives. Malik could not recall whether he informed the police about Appellant's threats. Again, because Malik could not recall the topics covered during his recorded interview with Detectives Patterson and Flynn, the trial court admitted his prior recorded statement under Pa.R.E. 803.1(4)(c).

Appellant's second and fifth issues raise claims that are derivative of his above-mentioned claims of ineffective assistance. In his second issue, Appellant asserts that defense counsel was ineffective when he withdrew his objection to the Commonwealth's motion to incorporate the transcript of the suppression hearing into the record of the non-jury trial. Here, Appellant maintains that because Malik's prior recorded statement was wrongly admitted into evidence during the suppression hearing, the error carried over into the trial record and counsel was again ineffective in failing to take

corrective action aimed at excluding the video tape of Malik's police interview. Appellant's fifth claim contends that the cumulative effect of trial counsel's alleged errors violated his constitutional right to effective legal representation.

After careful review, we conclude that, under Pa.R.E. 803.1(4)(c), the court properly admitted the prior statements made by Malik and Marcel and that Appellant's underlying claims of ineffective assistance, as set forth in his first, third, and fourth issues, lack arguable merit. Because Appellant's underlying claims of ineffectiveness lack merit, he is not entitled to relief on his derivative claims raised in issues two and five. Lastly, since Appellant failed to identify a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, we will not alter the PCRA court's decision to dismiss the instant petition without a hearing.

Our review of an order that denies a petition under the PCRA is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the

PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

"It is well-established that counsel is presumed effective[.]" ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). To plead and prove a claim of ineffective assistance of counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). "In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued[. R]ather, we must examine whether counsel's decision[ ] had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). A petitioner establishes prejudice when he or she demonstrates "that there is a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009).

Pennsylvania Rule of Criminal Procedure 907 permits a PCRA court to dismiss a petition without an evidentiary hearing when the PCRA court, upon

review of the petition, is satisfied that no genuine issues concerning material facts exist and that the petitioner is not entitled to collateral relief. Pa.R.Crim.P. 907(1). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Wiggins**, 248 A.3d 1285, 1288 (Pa. Super. 2021), *quoting* **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Hanible**, 30 A.3d 426, 452 (Pa. 2011).

Appellant maintains that defense counsel was constitutionally ineffective for failing to object to introduction of the prior recorded statements of Malik and Marcel Cogburn. According to Appellant, counsel should have objected to the recordings because neither Malik nor Marcel were available to testify about the subject matter of their prior statements and, in such circumstances, the recordings were not properly admitted as prior inconsistent statements.

Appellant adds that "counsel was likewise ineffective [in failing to object] because [admission of the recorded statements] violated the Confrontation Clause[s] of the U.S. and Pennsylvania Constitutions." Appellant's Reply Brief at 2. We disagree.

As a preliminary matter, the prior recorded statements of Malik and Marcel Cogburn were not admitted as prior inconsistent statements under Pa.R.E. 803.1(1).[3] Instead, the statements were admitted into evidence under Pa.R.E. 803.1(4), which reads as follows:

_____

[3] Pa.R.E. 803.1 states:

**Rule 803.1. Exceptions to the Rule Against Hearsay-- Testimony of Declarant Necessary**

The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:

*Comment*: A witness must be subject to cross-examination regarding the prior statement. ***See Commonwealth v. Romero***, 722 A.2d 1014, 1017-1018 (Pa. 1999) (witness was not available for cross-examination when witness refused to answer questions about prior statement).

(1)     Prior Inconsistent Statement of Declarant-Witness. A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:

(A)     was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

(B)     is a writing signed and adopted by the declarant; or

*(Footnote Continued Next Page)*

**Rule 803.1. Exceptions to the Rule Against Hearsay-- Testimony of Declarant Necessary**

The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:

*Comment*: A witness must be subject to cross-examination regarding the prior statement. ***See Commonwealth v. Romero***, 722 A.2d 1014, 1017-1018 (Pa. 1999) (witness was not available for cross-examination when witness refused to answer questions about prior statement).

\*\*\*

**(4) Prior Statement by a Declarant-Witness Who Claims an Inability to Remember the Subject Matter of the Statement.**

A prior statement by a declarant-witness who testifies to an inability to remember the subject matter of the statement, unless the court finds the claimed inability to remember to be credible, and the statement:

(A)   was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;

(B)   is a writing signed and adopted by the declarant; or

(C)   is a verbatim contemporaneous electronic recording of an oral statement.

*Comment*: Pa.R.E. 803.1(4) has no counterpart in the Federal Rules of Evidence.  The purpose of this hearsay exception is to protect against the "turncoat witness" who once provided a statement, but now seeks to deprive the use of this evidence at

_____

(C)   is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.E. 803.1(1).

trial. It is intended to permit the admission of a prior statement given under demonstrably reliable and trustworthy circumstances, *see, e.g., Commonwealth v. Hanible*, 30 A.3d 426, 445 n. 15 (Pa. 2011), when the declarant-witness feigns memory loss about the subject matter of the statement.

A prior statement made by a declarant-witness having credible memory loss about the subject matter of the statement, but able to testify that the statement accurately reflects his or her knowledge at the time it was made, may be admissible under Pa.R.E. 803.1(3). Otherwise, when a declarant-witness has a credible memory loss about the subject matter of the statement, see Pa.R.E. 804(a)(3).

Pa.R.E. 803.1(4).

The prior recorded statements of Malik and Marcel Cogburn fall within the hearsay exception set forth at Pa.R.E. 803.1(4).[4] It is not disputed by Appellant that, during proceedings before the trial court, both witnesses testified that they were unable to recall several topics covered in their recorded police interviews. It is also undisputed that the trial court determined that the memory loss experienced by the witnesses was feigned and that the video recordings of their police interviews constituted verbatim and contemporaneous electronic recordings of their statements. Lastly, under circumstances quite similar to those present in this case, we have determined that a declarant-witness was subject to cross-examination about his prior statement for purposes of Pa.R.E. 803.1(4). *See Commonwealth v. Lee*,

_____

[4] Neither side disputes that the prior recorded statements at issue in this case constituted hearsay offered for the truth of the matter asserted. Hence, the Commonwealth, as the proponent of the evidence, needed to demonstrate an exception to the rule against hearsay.

301 A.3d 915 (Pa. Super. 2023) (non-precedential decision) (adopting trial court opinion which held that declarant-witness was subject to cross-examination for purposes of Pa.R.E. 803.1(4) where witness stated he did not remember topics covered in grand jury testimony and, at other times, simply ignored pending questions and defied the trial court's contempt warnings). The prior recorded video recordings of the witnesses' statement met all of the criteria for admission under Pa.R.E. 803.1(4) and we perceive no grounds to alter the PCRA court's order dismissing Appellant's petition for collateral relief.

Appellant is correct that Rule 803.1, which encompasses both the prior inconsistent statement (Rule 803.1(1)) and prior statement by declarant-witness who claims inability to recall (Rule 803.1(4)) exceptions to the rule against hearsay, requires that a declarant-witness testify and be subject to cross-examination regarding the prior statement.[5] **See** Rule 803.1. More specifically, Rule 803.1(1) admits prior inconsistent statements, but deems a declarant-witness to be unavailable and forbids introduction of the prior statement if the witness refuses to answer questions about his prior statement. **See Commonwealth v. Romero**, 722 A.2d 1014, 1017-1018

---

[5] Prior recorded statements of a witness that meet the criteria for an exception to the rules against hearsay are admissible as substantive evidence. **See Commonwealth v. Brady**, 507 A.2d 66 (Pa. 1986). The comments to Rule 803.1(1) further provide: "An inconsistent statement of a witness that does not qualify as an exception to the hearsay rule may still be introduced to impeach the credibility of the witness." Rule 803.1(1) cmt, *citing* Pa.R.E. 613.

(Pa. 1999) (witness not available for cross-examination when witness refused to answer questions about prior statement). In contrast, Rule 803.1(4) admits a verbatim, contemporaneous prior statement as substantive evidence if the declarant-witness testifies to an inability to remember the subject matter of the statement and the trial court finds this testimony unworthy of belief.[6] ***See*** Pa.R.E. 803.1(4). The record is clear that: a) Malik and Marcel Cogburn both testified before the trial court; b) both stated they could not recall the subject matter of their prior police interviews; c) the trial court found that this testimony lacked credibility; and, d) Appellant has not suggested that the prior statements were given under unreliable or untrustworthy circumstances. In addition, we are unaware of any legal principle which holds that, for purposes of admitting evidence pursuant to the hearsay exception set forth at Rule 803.1(4), a witness may only be deemed "subject to cross-examination about the prior statement" if he responds extensively to questions regarding his

---

[6] The comment to Rule 803.1(4) explains:

> The purpose of this hearsay exception is to protect against the "turncoat witness" who once provided a statement, but now seeks to deprive the use of this evidence at trial. It is intended to permit the admission of a prior statement given under demonstrably reliable and trustworthy circumstances, ***see***, ***e.g.***, ***Commonwealth v. Hanible***, 30 A.3d 426, 445 n.15 (Pa. 2011), when the declarant-witness feigns memory loss about the subject matter of the statement.

Pa.R.E. 803.1(4) cmt.

earlier declaration. Hence, the trial court properly admitted the prior statements and trial counsel lacked valid grounds to object.

Appellant's effort on appeal – to conflate lack of knowledge, inability to recall, and assertion of the privilege against self-incrimination in an effort to argue that "unavailable is unavailable" no matter the reason - is ultimately unavailing. As a preliminary matter, this contention runs counter to the plain text of Rule 803.1(4), which permits the trial court to treat a testifying declarant-witness who feigns memory loss as a witness who **is** subject to cross-examination about his prior statement. ***See*** Pa.R.E. 803.1 generally. Moreover, Appellant's citation to Pa.R.E. 804(a) does not alter our conclusion.[7] Rule 804(a) describes the circumstances that render a declarant-witness unavailable. In relevant part, Rule 804(a) states:

> **Rule 804. Exceptions to the Rule Against Hearsay--When the Declarant is Unavailable as a Witness**
>
> (a) **Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:
>
> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;

---

[7] Pa.R.E. 804 describes exceptions to the rule against hearsay which apply even when the declarant is unavailable as a witness. As set forth above in relevant part, Rule 804(a) identifies certain criteria under which a declarant may be considered unavailable.

(3) testifies to not remembering the subject matter, except as provided in Rule 803.1(4)[.]

Pa.R.E. 804(a).

As Rule 804 makes clear, a declarant-witness is unavailable if a privilege applies or if a witness refuses to testify despite a court order to do so. ***See*** Pa.R.E. 804(a)(1) and (2). But, while Rule 804(a)(3) recognizes that a witness may be unavailable if he is unable to recall a subject, the rule expressly defers to Rule 803.1(4), which permits introduction of, among other things, a contemporaneous verbatim recording of a prior statement if the court finds that the witness' memory failure lacks credibility. ***See*** Pa.R.E. 804(a)(3). Contrary to Appellant's contentions, our evidentiary rules (in particular Rule 804(a) which defines the criteria for deeming a witness to be unavailable) differentiate between the responses offered by a witness who is asked to testify about a prior statement. Because Malik and Marcel Cogburn testified that they did not recall their prior police interviews, and because the trial court found that testimony devoid of credibility, the court properly admitted the witness' recorded statements under Rule 803.1(4) and counsel was not ineffective in failing to raise objections. Moreover, since Appellant's underlying claims of ineffectiveness lacked merit, his derivative claims must be rejected.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/13/2024